IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Kurdistan Victims Fund, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 1:24-cv-00278-RDM |
| ) | Judge Randolph Moss |
| Kurdistan Regional Government, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO SET A COMMON COMPLAINT RESPONSE DUE DATE FOR ALL
DEFENDANTS**

Pursuant to LCvR 7 and Fed. R. Civ. P. 6(b), Defendants **Treefa Aziz**, **Hikmat Bamarni**, and **Entifadh Qanbar** (the "Moving Defendants"), respectfully submit this memorandum of law in support of their motion seeking an order (i) setting an outside date by which plaintiffs must perfect service on all defendants and (ii) enlarging the time for all defendants to answer or otherwise respond to the complaint until 60 days after the outside service date.[1]

A. **Background**

---

[1] On March 6, 2024, in compliance with LCvR 7(m), Ben Chew (Brown Rudnick) with whom undersigned counsel has been working, spoke with Plaintiffs' counsel James Tate, by phone, seeking agreement on the relief herein requested. Plaintiffs' counsel took the request under advisement, but as of the date of this filing, has not responded to this request. The undersigned also spoke with Mr. Tate today (March 7), reaffirming the requested relief, and will promptly advise the Court if and when agreement regarding this relief is formally reached between counsel.

On January 30, 2024, the plaintiffs filed a 327-page political polemic disguised as a complaint against fifty-one named defendants and two unnamed ex-military U.S. citizens.[2] (Complaint ("Compl.") ¶¶ 23–75, ECF No. 1.)  The sole named individual plaintiff, Maki Revend, is a German national who, having been criminally convicted and also enjoined by German courts from disparaging members of defendant Prime Minister Barzani's family, now seeks to use this Court as his latest political platform.[3]  The second named plaintiff, the Kurdistan Victims Fund, is a purported not-for-profit 501(c)(3), recently thrown together for the sole purpose of serving as a repository for the hoped recovery.  (Compl. at 18, ¶ 20.)  The last category of plaintiffs includes *five thousand* unnamed (and, we believe, non-existent) "John Does" who, as of the date of this filing, have yet to seek leave of this court to proceed anonymously.[4]

The named defendants include a foreign government (the Kurdistan Regional Government ("KRG")), and numerous current and former senior KRG officials, including Prime Minister Masrour Barzani; former President Masoud Barzani, Director of Intelligence Security

---

[2] Per Dkt. No. 7, no summons issued for either of two former U.S. military officials because, while the Complaint is rife with salacious allegations against these two former U.S. military officials, Plaintiffs identifies neither by name.

[3] To date, worldwide media have trumpeted the false contents of the complaint.

[4] In this Circuit, permitting litigants to proceed anonymously is "disfavored," and is assessed on a person-by-person basis, not *en masse*. "It is within the discretion of the district court to grant the 'rare dispensation' of anonymity." *Roe v. Bernabei & Wachtel PPLC*, 85 F. Supp. 3d 89, 96 (D.D.C. 2015) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995)). As courts outside the D.C. Circuit have held, "[f]ailure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case," *id*. at 95 (quoting *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 637 (6th Cir. 2005)), at least where, as here, neither the Court nor the defendants know the identity of the anonymous plaintiff. *See, e.g.*, *Klayman v. Obama*, 125 F. Supp. 3d 67, 90 (D.D.C. 2015) (dismissing claims brought by anonymous plaintiffs). The Moving Defendants reserve their right to seek dismissal on this ground (and any other applicable grounds) at an appropriate time.

Agency and Director General of Counter Terrorism Waysi Barzani; and former Minister for Natural Resources and Assistant Prime Minister for Energy Affairs Ashti Hawrami, Phd. (Compl. 19–20, 24, at ¶¶ 23–26, 39.) Also named are numerous family members and advisors of the KRG officials, and even two unnamed "U.S. Public Officials." (Compl. 28–29, at ¶¶ 74–75.) The KRG is a longstanding ally of the United States. Just last week, Secretary of State Antony J. Blinken met with Prime Minister Barzani (a named defendant in this action) in Washington, D.C., where the Secretary reaffirmed that "the United States has a long partnership with the KRG," a partnership "cemented first and foremost in shared values, shared interest, and also a shared history of sacrifice together."[5]

The complaint alleges an array of wild and unbelievable misconduct against this strong and longstanding U.S. ally, including atrocity crimes, genocide, murder, and other heinous and unspeakable acts. (Compl. 1–2, at ¶ 2.). The allegations are reckless, inflammatory, untrue, and utterly meritless. They are a blatant attempt at seeking political redress through the court system.[6] The allegations do not belong in this Court or any other.

For present purposes, however, these false and reckless allegations principally target the KRG and its government officials, all of whom are foreign defendants, and none of whom has been properly served. The Moving Defendants, by contrast, scarcely make an appearance in the

---

[5] U.S. Dep't of State, *Secretary Antony J. Blinken and Kurdistan Regional Government Prime Minister Masrour Barzani Before Their Meeting*, https://www.state.gov/secretary-antony-j-blinken-and-kurdistan-regional-government-prime-minister-masrour-barzani-before-their-meeting/ (Feb. 26, 2024).

[6] If the allegations in the complaint were not enough to demonstrate the plaintiffs' political motives, the extra-judicial activities of the plaintiffs' counsel confirm it. On February 27, 2024, counsel for the plaintiffs transmitted a letter to Secretary of State Antony Blinken informing him of the complaint and tacitly encouraging the Secretary to consider its contents as he executes his official duties. (Letter dated from Feb. 27, 2024 from James R. Tate to Hon. Antony Blinken, attached hereto as **Exhibit A**.).

plaintiffs' bloated, false, and improper pleading. Over the course of 327 pages and more than 750 numbered paragraphs, the complaint makes just a handful of allegations as to Mr. Qanbar, all relating to a U.S. charitable organization he allegedly ran. (Compl. 294–99, at ¶¶ 669–85.) The body of the complaint mentions Ms. Aziz and Mr. Barmani only a single time, apparently urging that they have failed to adhere to the Foreign Agents Registration Act. (Compl. 54–55, at ¶ 142.). None of the Moving Defendants' alleged conduct remotely bears on the central allegations underlying the complaint.

On February 20, 2024, Plaintiffs attempted to serve forty-six (46) defendants by leaving papers at Ms. Aziz's residence in Virginia, with her mother. Neither Ms. Aziz nor her mother is authorized to accept service on behalf of any defendant, many of whom Plaintiffs profess are located outside the United States.

### B. Argument

The Court should set an outside deadline for service on all defendants and enlarge all defendants' time to respond to the complaint until after the outside service deadline, presumably when the parties to this litigation will be known.

The Federal Rules of Civil Procedure create a 90-day deadline for service on domestic defendants, with extensions permitted for "good cause." Fed. R. Civ. P. 4(m). That rule, however, does not apply to foreign defendants. *See id.* ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1) . . . ."); *see also Barot v. Embassy of the Republic of Zambia*, 785 F.3d 26, 29 (D.C. Cir. 2015) ("[T]here is no statutory deadline for service under the Foreign Sovereign Immunities Act, unlike the presumptive [90]-day time limit in Rule 4(m) . . . ."). But "because district courts need to be able to control their dockets," *City Drinker, Inc. v. Kodali*, No. CV 13-9223 PA (PLAX), 2014 WL 12608565, at *1 (C.D. Cal.

Dec. 10, 2014) (internal modifications omitted), a district court "has the inherent authority to set a deadline for serving a foreign defendant." *Arizona Sch. Risk Retention Tr., Inc. v. NMTC, Inc.*, No. CV-14-08009-PCT-PGR, 2015 WL 13764317, at *1 (D. Ariz. July 1, 2015); *see, e.g.*, *Jouanny v. Embassy of France*, 220 F. Supp. 3d 34, 40 (D.D.C. 2016) (setting deadline to accomplish foreign service).

Upon a showing of "good cause," moreover, a district court also has discretion to extend a defendant's time to answer or otherwise respond to the complaint. Fed. R. Civ. P. 6(b)(1)(A). "Judicial efficiency may constitute 'good cause' for an extension of time." *Create-A-Pack Foods Inc. v. Batterlicious Cookie Dough Co.*, No. 20-CV-499, at *2 (E.D. Wis. Nov. 17, 2021). To promote this value, courts often set uniform deadlines for defendants (served and unserved alike) to respond to a complaint. *See, e.g.*, *Elk v. Young*, No. 4:22-CV-04031-LLP, 2023 WL 4181329, at *2 (D.S.D. June 26, 2023) ("Defendants may have until twenty-one days after the date of service of the complaint upon all defendants to answer the complaint."); *Cole v. Goord*, No. 05-civ-2902 (GEL), 2007 WL 2351066, at *1 (S.D.N.Y. Aug. 16, 2007) (noting that the magistrate judge had previously "granted the original defendants an extension of time to answer the amended complaint until plaintiff served the three new defendants"). In complex litigation requiring coordination among numerous parties, courts have even granted defendants *indefinite* extensions of time to respond to the complaint until further order of the court. *See, e.g.*, *In re Celexa & Lexapro Prods. Liab. Litig.*, MDL Dkt. No. 1736, 2006 U.S. Dist. LEXIS 27528, *3 (E.D. Mo. Apr. 26, 2006) ("[D]efendants are granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court.").

In this case, this Court should exercise its discretion to set an outside date by which the plaintiffs must serve *all* defendants, domestic and foreign, and enlarge the time for all defendants

to respond to the complaint until 60 days after the outside date. This procedure will best facilitate the orderly adjudication of the plaintiffs' sprawling (and meritless) claims. It will allow the plaintiffs to attempt to properly effect service on foreign defendants. It will prevent the innumerable administrative difficulties associated with litigating this case along multiple tracks, with domestic defendants proceeding on an accelerated track and foreign defendants proceeding on one or more slower tracks as the plaintiff accomplishes service. This procedure will also serve the salutary goal of facilitating coordination among the served defendants located all around the world. Just as importantly, it will facilitate coordination among the served defendants and the plaintiffs. Such coordination will greatly streamline the litigation and limit the parties' need to involve the Court in day-to-day disputes that may arise among differently situated defendants. Lastly, this procedure will prevent the Moving Defendants and other less central defendants from being forced single-handedly to shoulder the heavy burden of defending this case simply because they happen to be domestic.

WHEREFORE, for the foregoing reasons, Moving Defendants respectfully ask that the Court grant the relief herein sought.

Dated: March 7, 2024

Respectfully submitted,

/s/ Joe R. Reeder
**Dominic E. Draye** (DC Bar No. 1008820)
**Juliana M. Laurello** (DC Bar No. 1003277)
**Joe R. Reeder** (DC Bar No. 279786)
Greenberg Traurig, LLP
2101 L Street, NW
Suite 1000
Washington, DC  20037
Tel. (202) 331-3100
Fax. (202) 331-3101
drayed@gtlaw.com
laurelloj@gtlaw.com
reederj@gtlaw.com

*Attorneys for Treefa Aziz, Hikmat Bamarni, and Entifadh Qanbar*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 7, 2024, I served a true and accurate copy of the foregoing to be served via ECF.

    /s/ Joe R. Reeder
Joe R. Reeder