IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Kurdistan Victims Fund, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) Civil Action No. 1:24-cv-00278-RDM ) Judge Randolph Moss |
| Kurdistan Regional Government, *et al.*, | ) ) |
| Defendants. | ) ) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION TO SET A COMMON COMPLAINT RESPONSE DUE DATE FOR ALL
DEFENDANTS**

Moving Defendants[1] Treefa Aziz, Hikmat Bamarni, and Entifadh Qanbar seek a narrow, uncontroversial form of procedural relief: (i) the entry of an outside service date by which Plaintiffs will serve all parties it intends to proceed against as defendants, and (ii) sixty (60) days following such outside service date as the date for all parties served to respond. This procedure is warranted because of the way Plaintiffs have pleaded their case: they chose to sue a phone book of defendants, almost none of whom is an American or can be served in the United States; they sued on behalf of 5,000 unnamed Doe plaintiffs without satisfying the prerequisites for doing so; and they launched a sprawling, 327-page complaint that no individual Defendant can reasonably answer in the standard 21 days. Adopting the Moving Defendants' proposal for orderly service and responses will have no impact on the merits of the case. Nor will it cause any prejudice to any party. Without citation to any relevant authority, Plaintiffs argue that this relief is "premature" and that it could

---

[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the opening brief, Motion to Set a Common Complaint Response Due Date ("Moving Br."), ECF No. 11.

cause "manifest injustice" to plaintiffs and perhaps even to "some or all" of those who may become defendants in this action.[2] These arguments are meritless.

## I. Argument

Plaintiffs do not, and cannot, contest this Court's authority to grant the relief sought. As the Moving Defendants' opening brief explained, the district court's discretion to enter an outside date for service on all defendants is well-established, as is its authority to extend all defendants' time to respond to the complaint until after the outside date. (Moving Br. 4–5.[3])

### A.   The Relief Sought Is Not Premature.

Plaintiffs' contention that the requested relief is premature should be rejected. (Opp. 1.) This issue is ripe for decision. The three Moving Defendants have been served, and absent relief from the Court, the default deadlines apply. Even if the Moving Defendants *alone* were granted an extension of time, their responses would be due well before most, if not all, of the many other defendants that Plaintiffs seem intent upon serving. Yet the Moving Defendants are not the central defendants in this case. As Plaintiffs themselves put it, "[t]he majority of the 52 defendants are agents or employees of the Kurdistan Regional Government, its subordinate military or intelligence branches, or its corollary and integrated political organization." (*Id.* at 2.) And the allegations in the complaint—which are recklessly false, inflammatory, and utterly groundless—

---

[2] Plaintiffs' Opposition to Defendants Treefa Aziz, Hikmat Bamarni and Entifadh Qanbar's Motion to Set a Common Complaint Response Date ("Opp.") 1, ECF No. 13.

[3] *See, e.g.*, *Arizona Sch. Risk Retention Tr., Inc. v. NMTC, Inc.*, No. CV-14-08009-PCT-PGR, 2015 WL 13764317, at *1 (D. Ariz. July 1, 2015) ("[T]he Court has the inherent authority to set a deadline for serving a foreign defendant . . . ."); *Elk v. Young*, No. 4:22-CV-04031-LLP, 2023 WL 4181329, at *2 (D.S.D. June 26, 2023) ("Defendants may have until twenty-one days after the date of service of the complaint upon all defendants to answer the complaint.").

paint a fantastical picture of a supposed "worldwide continuing criminal enterprise of vast proportions." (*Id.*)

The scant allegations against the Moving Defendants are far removed from these wild assertions. Moving Defendants Treefa Aziz and Hikmat Bamarni appear in only one substantive paragraph, which references, of all things, compliance with the Foreign Agents Registration Act ("FARA"). (Compl. 54–57, at ¶ 142.) The third Moving Defendant, Entifadh Qanbar, is alleged to have had a role in a U.S. charitable organization. (*Id.* at 294–99, ¶¶ 669–85.) To say the least, the Moving Defendants' ties, if any, to the alleged acts and players at the heart of the case at best are obscure. Forcing the Moving Defendants to single-handedly shoulder the burden of defending against the wildly sprawling allegations in the complaint, before Plaintiffs accomplish service on the principal defendants, would be highly prejudicial. The relief the Moving Defendants seek is narrowly tailored to address this prejudice, as it will create a date certain by which *all* defendants— presumably including at least some of the defendants against whom Plaintiffs focus their claims— will respond to the complaint at the same time. No other procedure would better allow for the efficient, orderly, and fair adjudication of the behemoth complaint.

Plaintiffs' contentions to the contrary—such as they are—should be rejected. Plaintiffs note that the time to serve domestic defendants has not expired and that there is no default time limit for service on a foreign defendant. (Opp. 2.) But the Moving Defendants are not seeking to compress the time to serve domestic defendants, so Plaintiffs' first point is not relevant. And the second point is precisely *why* an outside service date makes sense: absent a fixed time to accomplish service, this case will proceed on multiple tracks against multiple groups of defendants, on multiple timetables, with those defendants furthest removed from the core allegations proceeding first, simply because they happen to reside in the United States. For this reason, the

3

staggered timing Plaintiffs apparently intend would cause prejudice to the Moving Defendants. For example, Plaintiffs have alleged serious allegations against two unnamed U.S. citizens, who are identified as retired U.S. military officials. (Compl. 28–29, ¶¶ 74–75.) The Moving Defendants have no idea who they are, cannot effectively respond to these allegations, and must proceed as if these unnamed defendants are fictitious unless and until their identities are disclosed. The motion is by no means premature to avoid this type of prejudice.

### B. The Relief Sought Will Cause No Injustice.

Plaintiffs' contention that the relief sought will cause "manifest injustice" is likewise meritless. (Opp. 1.) Setting aside Plaintiffs' rhetoric, conspiracy theories, and recklessly false accusations, Plaintiffs seem to be urging that manifest injustice would result for two reasons: because foreign service can be a lengthy process (*id.* at 3–4), and the additional time in which to effect service as of a court-ordered outside date somehow will enable defendants to evade service (*id.* at 4). Both arguments fail.

*First*, the procedural requirements for foreign service do not warrant giving Plaintiffs unlimited time to accomplish it.[4] The Moving Defendants have not asked for any particular outside service date, and they certainly do not seek to artificially limit Plaintiffs' time to create a litigation advantage. To the contrary, it is in the Moving Defendants' interest that Plaintiffs accomplish service on those defendants to be included in this action and, in particular, those against whom

---

[4] Plaintiffs incorrectly cite *In re Celexa & Lexapro Prods. Liab. Litig.*, MDL Dkt. No. 1736, 2006 U.S. Dist. LEXIS 27528 (E.D. Mo. Apr. 26, 2006), a case originally cited by the Moving Defendants, for the proposition that a court has "discretion to grant an indefinite time for *service* in appropriate cases." (Opp. 2 (emphasis added).) But that is not what *Celexa* states or holds. In fact, the decision illustrates that a district court has discretion to grant indefinite time to *respond to the complaint*—a stronger form of relief than the Moving Defendants seek here. *See Celexa*, 2006 U.S. Dist. LEXIS 27528, at *3 ("[D]efendants are granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court.").

Plaintiffs' core allegations run. Indeed, undersigned counsel tried, so far without success, to work with Plaintiffs' counsel to select a reasonable—even generous—outside service date many months in the future, if needed, in order to give them sufficient time to serve those defendants who will be party to this action. But there must be a date certain by which the parties and Court know which defendants are "in" and which defendants are "out" of the case. Otherwise, this case will devolve into halting, piecemeal, and utterly inefficient litigation that will likely require frequent if not incessant Court intervention.

*Second*, Plaintiffs' strained argument that an outside service date is nothing but a "tactic" for *other* defendants to avoid service makes no sense. (*Id.* at 4.) For one thing, this motion is not brought by foreign parties. More importantly, the three Moving Defendants have already been served. By this motion, they seek limited procedural relief to ensure that the claims in this lawsuit are adjudicated in an orderly, efficient, and fair manner. Additionally, Plaintiffs notably fail to say that they have even commenced any attempts at international service. From all that appears, their efforts at service on the foreign defendants, which includes a foreign government, consist of leaving papers at the Virginia home of a KRG-registered FARA agent.[5] (Opp. 2)

In any event, any outside service date would not be set in stone. As the outside date approaches, if Plaintiffs can demonstrate to the Court that they have been unable to serve certain

---

[5] Plaintiffs seem indirectly to argue that their so-called "service" on KRG and other foreign defendants through delivery of papers to KRG's registered FARA agent (Moving Defendant Treefa Aziz) constitutes effective service. (Opp. 2.) Plaintiffs aptly concede that this issue is not before the Court (*id.*), but this legal theory is flat out wrong. Plaintiffs are confusing a registered agent for service of process, a state-law agent specifically appointed for that narrow function, with a registered agent under FARA, a federal statute that generally "requires certain agents of foreign principals . . . to make periodic public disclosures of their relationship with the foreign principal." U.S. Department of Justice, Foreign Agents Registration Act, https://www.justice.gov/nsd-fara. Nothing in FARA authorizes serving process on a foreign principal through service on the FARA registered agent.

individuals they continue to want to name as defendants despite good faith efforts, nothing precludes them filing a motion to extend the time for service. Nor can Moving Defendants prejudge whether such request should be opposed, again, provided the time for all defendants to respond to the complaint is likewise extended.

## CONCLUSION

The requested relief is not premature and would not cause any injustice. To the contrary, setting an outside service date and enlarging time for all defendants to respond until after the outside date is the only reasonable approach to ensure the fair, orderly, and efficient adjudication of the complaint. The Moving Defendants respectfully request that the Court grant their motion.

Dated:   March 26, 2024               Respectfully submitted,

*/s/ Joe R. Reeder*
Dominic E. Draye (DC Bar No. 1008820)
Joe R. Reeder (DC Bar No. 279786)
Greenberg Traurig, LLP
2101 L Street, NW
Suite 1000
Washington, DC 20037
Tel. (202) 331-3100
Fax (202) 331-3101
drayed@gtlaw.com
reederj@gtlaw.com

*Attorneys for Treefa Aziz, Hikmat Bamarni, and Entifadh Qanbar*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 26, 2024, I served a true and accurate copy of the foregoing to be served via ECF.

/s/Joe R. Reeder
Joe R. Reeder