**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLUMBIA**

| | |
|---|---|
| Kurdistan Victims Fund, *et al.*, )<br><br>Plaintiffs, )<br><br>v. )<br> )<br> )<br>Kurdistan Regional Government, *et al.*, )<br> )<br>Defendants. )<br> ) | Civil Action No. 1:24-cv-00278-RDM<br>Judge Randolph Moss |

## PLAINTIFFS' SERVICE STATUS REPORT IN RESPONSE TO ORDER OF COURT

Pursuant to this Court's Order dated April 12, 2024, staying the time for all Defendants to respond to the Complaint herein, and requiring Plaintiffs to send a status report to the Court on or before June 11, 2024, Plaintiffs state as follows:

1. On May 13, 2024, Plaintiffs filed an Amended Complaint pursuant to FRCP 15(a)(1)(B) along with a redline comparison with the original complaint pursuant to the Standing Order of United States District Judge Randolph D. Moss, paragraph 7.

2. Defendants Treefa Aziz, Hikmat Bamarni, and Entifadh Qanbar have entered their appearance by counsel and were served with the Amended Complaint via this Court's electronic filing system on May 13, 2024.

3. Plaintiffs are attempting service reasonably calculated to give actual notice in a sequential manner that strictly complies with satisfying the procedural requirements of effective service of process and the statutory directives of 28 U.S.C. § 1608(a) and Federal Rules of Civil Procedure, and comport with constitutional notions of due

1

process.  Defendants are subject to service.  Plaintiffs have no special arrangement for service with the Republic of Iraq or defendant Kurdistan Regional Government.  No internationally agreed means of service with Kurdistan is applicable in this case.

4.  On May 20, 2024, Plaintiffs engaged the services of Cavalier Courier & Process Service, a firm serving process throughout the United States, to effect service on Defendants that can be served in the United States, specifically:

    a.  Jonathon R. Moore

    b.  Valerie Cupp

    c.  Julie Mai Sanford

    d.  Joe R. Reeder

    e.  Omar S. Barzani

    f.  Hayman Quassi

    g.  Hamza Salim

    h.  Rubar S. Sandi

    i.  Lina Barzani

A process server for Cavalier Courier & Process Service has already made three attempts to serve Valerie Cupp at the address of 3626 Brandywine Street NW, Washington, DC 20008. On the most recent attempt the server saw a woman through the door who gestured to the server to wait, then a man appeared who would not engage further than to refuse to conform if Valerie lives here and shut the door. The server has obtained photos of Ms. Cupp and will proceed with caution in attempting to serve as it is clear, the residents are evasive.

5.  The following Defendants in the United States were referred to Cavalier Courier &

Process Service on June 7, 2024:

    a. Dasko Sherwani

    b. Arfan Saleh Omar Sherwani

6. On June 6, 2024, Plaintiffs engaged the services of Cavalier Courier & Process Service, a firm serving process throughout the United States, to effect service on Masrour Barzani at 1322 Balls Hill Rd., McLean, Virginia 22101, an address Plaintiffs believe is beneficially owned by Masrour Barzani. To date, Cavalier has served the following defendants with the Amended Complaint:

    a. Jonathon R. Moore – Served on June 4, 2024, at 3:00 p.m.

    b. Hamza Salim – Served on June 4, 2024, at 5:00 p.m.

7. In May 2024, Ghalib Bradosti, a citizen of the United States who resides in the U.S. traveled to Erbil, Iraqi Kurdistan to attempt service on Defendant Iraqi Kurdistan Regional Government, an instrumentality of a foreign state, to its President Nechirvan Idris Barzani, and was able to effect personal service on his Executive Secretary at the Office of the President, on or about May 15, 2023.

Plaintiffs are certain that service was received by President Nechirvan Barzani, because President Nechirvan Barzani's assistant sent a copy electronically with the summons attached to Rizgar Khoshnaw, a U.S. citizen residing in the United States, on or about May 17, 2024. The summons electronically sent to Rizgar Khoshnaw in the United States could only have come from the summons issued by this Court that was in the front of the binder containing the Amended Complaint that was served on President Nechirvan Barzani's Executive Secretary.

8. Severe impediments stand in the way of accomplishing service in Kurdistan, including

an absence of street addresses.  While in Erbil, Ghalib Bradosti learned that Defendant Masrour Barzani has sent notice that any Defendant who accepts service of the Complaint will be silenced. Defendants have been instructed not to accept any documents or sign anything for service.  Almost every defendant in Kurdistan is on the payroll of the Kurdistan Regional Government (KRG) or related entities and dependent upon the KRG for income.  The commercial functions of the KRG and its alter ego the Kurdistan Democratic Party (KDP) predominate over its governmental functions and the Barzani Continuing Criminal Enterprise is so closely bound up with the structure of the state that it should be considered the state itself.  Service to any defendant Barzani in Kurdistan is very difficult as they each have three or four layers of perimeter and personal security who prevent entry or access by anyone seeking to effect service. Plaintiff Maki Revend also confirmed Mr. Bradosti's information about Masrour Barzani's threat from other Erbil confidential sources.  Plaintiffs therefore conclude that no reasonable prospect exists that service can be obtained in Kurdistan through personal service.

9.  The United States Government has no special arrangement for service between the Plaintiffs and Kurdistan Regional Government, an instrumentality of the foreign state of the Republic of Iraq.

10. Plaintiffs have made an earnest effort to devise a method of communication that is consistent with due process and minimizes offense to foreign law.  Representatives in Kurdistan for Plaintiffs contacted several attorneys in Erbil, Kurdistan, Iraq to perform service of summons in Erbil.  Out of fear of retribution by Defendants, Plaintiffs were unable to engage any Kurdistan attorney.  The judiciary of Defendant Kurdistan

4

Regional Government is tightly controlled and directed by Defendant Masrour Barzani and is incapable of playing any reasonable role in the instant service matter.

11. The United States and the Republic of Iraq are members of the Universal Postal Union, a treaty organization and specialized agency of the United Nations. The Universal Postal Union is governed by the Universal Postal Convention, which establishes protocols and standards for international mail, and of which the United States and the Republic of Iraq are member countries and "designated operators." The defendant Kurdistan Regional Government (KRG), which operates postal mail service in Iraqi Kurdistan, is not a member of the Universal Postal Union nor does it subscribe to the Universal Postal Convention. There is no postal service in Iraqi Kurdistan that would permit Plaintiffs to serve Defendants in Iraq pursuant to FRCP 4(f)(2)(B). Mail service requiring a signed receipt is nonexistent, and Iraq is not a party to the International Convention on Service of Judicial Documents, formally the Hague Convention on Service of Process, to which the United States is a signatory nation. Plaintiffs therefore conclude that no reasonable prospect exists that service can be obtained through mail service.

12. Defendant Masrour Barzani, Prime Minister of Defendant Iraqi Kurdistan, is a legal permanent resident of the United States and has a residence in the United States. Plaintiffs have tasked Cavalier Courier & Process Service to serve Defendant Masrour Barzani in accordance with the laws of the State in which he maintains his U.S. residence as set forth in paragraph 6 above.

13. Plaintiffs expect that Cavalier Courier & Process Service will have difficulty serving the Amended Complaint on some of the Defendants located in the United States in

view of the evasion instruction sent out by Defendant Masrour Barzani concerning accepting service. Plaintiffs will continue their efforts to effect service on all Defendants.

14. Depending upon the success of Plaintiffs' efforts to effect service on all Defendants in strict adherence to §1608's requirements and the Federal Rules of Civil Procedure, if no other feasible alternatives exist, Plaintiffs may need to apply to this Court for help in soliciting the United States Department of State for its assistance in effecting service through diplomatic channels or letters rogatory to the Foreign Ministry of the Republic of Iraq on Defendants located in Iraqi Kurdistan.

Plaintiffs request that this Court continue its order staying the time for all Defendants to respond to the Amended Complaint pending a subsequent report at a time to be set by the Court on Plaintiffs' continuing efforts to effect service on all Defendants.

Respectfully submitted,

Benjamin Ader
Counsel for Plaintiffs

6

*Counsel for Plaintiffs Kurdistan Victims Fund, et. al.*

**TATE BYWATER**

By:   <u>/s/ Benjamin Ader</u>
      Tate Bywater
      Paul Mickelsen (D.C. Bar Number 500750)
      Benjamin Ader (D.C. Bar Number 1616990)
      2740 Chain Bridge Road
      Vienna, VA 22181
      Tel: 703-938-5100
      Email: pmickelsen@tatebywater.com
      Email: bader@tatebywater.com

      <u>/s/ James R. Tate</u>
      Tate Bywater
      James R. Tate, *pro hac vice*
      (VA Bar Number 06241)
      2740 Chain Bridge Road
      Vienna, VA 22181
      Tel: 703-938-5100
      Email: jtate@tatebywater.com

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on June 7, 2024, I served a true and accurate copy of the foregoing via ECF.

                                            <u>/s/Benjamin Ader</u>

7
