IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Kurdistan Victims Fund, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 24-cv-278-RDM |
| ) | |
| ) | |
| ) | |
| Kurdistan Regional Government, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPLY IN SUPPORT OF**
**DEFENDANT JOE R. REEDER'S MOTION TO DISMISS**

Nothing in plaintiffs' motion response or their 417-page amended complaint undercuts the black-letter legal rule that requires dismissal of their claims: the judicial proceedings privilege absolutely protects an attorney's statements made in litigation. Plaintiffs do not even attempt to distinguish the extensive precedent foreclosing the claims they seek to assert against their opposing counsel, defendant Joe R. Reeder, for statements he made in motion papers "as an advocate," FAC, ECF 20, at 85, ¶ 181.[1] Indeed, their response underscores that the statements they complain of were "made in Reeder's pleading requesting relief from this Court." Opp., ECF 39, at 6–7. Instead, they continue to burden the parties and the Court with bizarre and irrelevant argument on topics ranging from the political question doctrine to attorney-client privilege. Plaintiffs' response only confirms that the Court should promptly grant the motion to dismiss.

*First*, the judicial proceedings privilege absolutely bars plaintiffs' claims. *See* Motion, ECF 38-1, at 14–16. "Along with the overwhelming majority of the States, the District of Columbia has long recognized an absolute privilege for statements made preliminary to, or in the

---

[1] Consistent with the Court's standing order, all page citations to docket entries are to the page number of the PDF.

1

course of, a judicial proceeding, so long as the statements bear some relation to the proceeding." *Finkelstein, Thompson & Loughran v. Hemispherx Biopharma, Inc.*, 774 A.2d 332, 338 (D.C. 2001); *see Messina v. Krakower*, 439 F.3d 755, 760 (D.C. Cir. 2006). Reeder's statements in motion papers about plaintiff Maki Revend's history of baseless allegations against defendant Kurdish officials and their family members were obviously germane to this litigation and fall within the heartland of the privilege. *See* FAC 85–86, ¶ 181 (identifying statements in motion papers as the allegedly defamatory statements). Indeed, courts have described claims like those plaintiffs assert here as "frivolous," "vexatious," and "improper." *See In re Spikes*, 881 A.2d 1118, 1122 (D.C. 2005) (first quotation); *Ginsberg v. Granados*, 963 A.2d 1134, 1143 (D.C. 2009) (second quotation); *id.* at 1140 (third quotation). In one case, the D.C. Court of Appeals held that such claims were so patently frivolous as to warrant suspension from legal practice. *Spikes*, 881 A.2d at 1122–23.

Plaintiffs do not so much as mention the judicial proceedings privilege, much less offer any explanation why it should permit their defamation claim to proceed. Nor do they dispute that, as the D.C. Circuit has recognized, plaintiffs may not circumvent the privilege by repackaging claims based on an attorney's litigation advocacy as another cause of action. *See* Motion 18; *Teltschik v. Williams & Jensen, PLLC*, 748 F.3d 1285, 1287–88 (D.C. Cir. 2014). That is a sufficient ground to dismiss plaintiffs' claims against Reeder in their entirety. In any event, judicially noticeable German court records show that Reeder's statements were true, providing a second, *independent* basis for dismissal. *See* Motion 16–17. Plaintiffs offer no explanation and no reason why the Court should disbelieve the facially valid German court document defendant Reeder attached to his motion. Neither Revend's self-serving affidavit nor the opposition offers any explanation for the conviction, and the affidavit—which reflects the same birthdate and address as the

2

conviction—confirms there is no issue of mistaken identity.  *See* Motion, Ex. A, ECF 38-2, at 5; Opp., Ex. 1, ECF 39-1, at 2.

*Second*, plaintiffs' suggestion that Reeder was somehow "aiding and abetting" torture, hate crimes, terrorism, extrajudicial killing, and assault and battery falls far short of plausibly alleging a claim for relief.  Opp. 12; *see* Motion 17–19.  The defect in these claims is straightforward: plaintiffs allege no specific conduct by Reeder apart from his advocacy as an attorney in this litigation.  The "bare assertion" that Reeder aided or conspired with other defendants, "much like the pleading of conspiracy in *Twombly,* amount[s] to nothing more than a 'formulaic recitation of the elements'" of plaintiffs' claims and is insufficient to defeat a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Even cursory review of the large passages from the complaint that plaintiffs excerpt in their motion response confirms that conclusory allegations are all that plaintiffs have to offer.  Of the 31 paragraphs excerpted, 18 do not even mention Reeder.  *See* FAC 86–89, 310–11, 313–15, 321–30, ¶¶ 182, 183, 184, 645, 647, 650, 651, 652, 654, 655, 656, 657, 658, 659, 661, 663, 664, 665.  Three consist solely of irrelevant legal argument about attorney ethics and the dangers of corruption.  *See* FAC 328, 330–331 ¶¶ 662, 667, 668 (paragraph 667 is numbered separately in plaintiffs' motion response but not the amended complaint).  And the remaining ten paragraphs make exactly the sort of conclusory allegations of conspiracy or concerted action that *Twombly* and *Iqbal* held were deficient.  *See* FAC 307, ¶ 642 (alleging that the Kurdistan Regional Government is an "ongoing organization or enterprise . . . whose members including [sic] . . . Joe R. Reeder"); FAC 307–08, ¶ 643 (alleging that Reeder was among defendants who "knew" that unspecified transactions were unlawful); FAC 308–09, ¶ 644 (alleging that Reeder and other defendants were "acting together"); FAC 309–10, ¶ 644 (duplicatively numbered paragraph

3

alleging that Reeder "aided and abetted" other defendants); FAC 310–11, ¶ 646 (alleging that Reeder "conspired and colluded" with other defendants); FAC 312, ¶ 648 (alleging that Reeder "assisted" other defendants); FAC 313, ¶ 649 (alleging that other defendants acted with Reeder's "assistance"); FAC 315–21, ¶ 653 (alleging that Reeder was engaged "in course of conduct" [sic] with other defendants); FAC 326–27, ¶ 660 (alleging that Reeder "assisted" other defendants); FAC 330–31, ¶ 666 (alleging that other defendants were "assisted" by Reeder). In short, after nearly a thousand pages of pleadings and a lengthy motion response, plaintiffs have not identified and cannot identify *any* specific action Reeder took to support their outlandish allegations of atrocity crimes apart from his litigation advocacy. Plaintiffs have excerpted at length the allegations they consider to be the most powerful—and even those fall far short of the minimum *Twombly* requires.

*Third*, plaintiffs neither request leave to amend nor dispute that, should the Court grant this motion, every factor the Supreme Court set forth in *Froman v. Davis*, 371 U.S. 178 (1962), would favor dismissal with prejudice. *See* Motion 20–21. Plaintiffs have given no indication that they are aware of additional specific conduct that could satisfy *Twombly* if given time to replead a second time; instead, they simply highlight at length their favorite conclusory allegations. No amendment could save plaintiffs' claims against Reeder because, at bottom, they rest solely on his advocacy as an attorney. And the Court should not allow plaintiffs yet another attempt to tinker with allegations that fundamentally lack any merit.

*Finally*, it bears emphasis that plaintiffs are represented by counsel in this case. Their pleadings are entitled to no special deference. And there is simply no excuse for plaintiffs attempting to drag their opposing counsel into this litigation as a party with claims that are plainly and squarely barred by binding precedent.

4

The Court should grant Reeder's motion and dismiss the claims against him with prejudice.

Dated: July 31, 2024                              Respectfully submitted,


                                                 */s/ Amy Jeffress*
Amy Jeffress (D.D.C. Bar No. 449258)
John P. Elwood (D.D.C. Bar No. 452726)
ARNOLD & PORTER KAYE SCHOLER, LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Amy.Jeffress@arnoldporter.com
John.Elwood@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER, LLP

*Counsel for Defendant Joe R. Reeder*

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 31, 2024, the foregoing reply in support of motion to dismiss was served via ECF to all counsel of record.

                */s/ Amy Jeffress*
                Amy Jeffress

                *Counsel for Defendant Joe R. Reeder*