## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISRICT OF COLUMBIA

_____

Kurdistan Victims Fund, *et al.*,               )
                                                )
                          Plaintiffs,           )
                                                )
                          v.                    )
                                                )        Civil Action No. 1:24-cv-00278-RDM
                                                )        Judge Randolph Moss
Masrour Barzani, *et al.*,                      )
                                                )
                          Defendants.           )
_____        )

## PLAINTIFFS' REPLY TO COURT'S MINUTE ORDER
## <u>AND TO DEFENDANTS' RESPONSE TO COURT MINUTE ORDER</u>

TABLE OF AUTHORITIES

Cases

*Achagzai v. Broad. Bd. of Governors*, 109 F.Supp.3d 67, 69 (D.D.C. 2015)......................... 11, 31

*Ali v. Tolbert*, 636 F.3d 622, 627 (D.C. Cir. 2011)...................................................................... 29

*Allen v. Wright*, 468 U.S. 737, 756 (1984) ................................................................................. 17

*Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) ............................................ 16

*Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 612–613, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997) .............................................................................................................................. 1

*Ames v. Standard Oil Co. (Indiana)*, 108 F.R.D. 299, 302 (D.D.C. 1985).................................. 29

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) .......................................................... 7

*Angellino v. Royal Family Al-Saud*, 688 F.3d 771, 775-76 (D.C. Cir. 2012)............................... 29

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)........................................................................................ 4

*Baker v. Carr*, 369 U.S. 186, 211 (1962) .................................................................................... 24

*Banco Nacional de Cuba v. Sabbatino,* 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964) ........................................................................................................................................ 24

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) .................................................................. 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ...................................................... 8, 18

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955,  167 L.Ed.2d 929 (2007) .... 9

*Bell v. District of Columbia Government*, Civil Action No. 2023-2036 .............................. passim

*Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co. ("Helmerich I"),* 581 U.S. 170, 174, 137 S.Ct. 1312, 197 L.Ed.2d 663 (2017)........................................................ 20

*Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) ............................................................... 11

*Brown v. Sessoms*, 774 F.3d 1016, 1023 (D.C. Cir. 2014) ......................................................... 18

*Busby v. Capital One, N.A.*  932 F. Supp. 2d 114 (D.D.C. 2013)................................................... 6

*Butera v. District of Columbia, 83 F.Supp.2d 15, 22* (D.D.C. 1999) ....................................... 5, 8

*Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir, 2012) ............................. 2

*Butt v. United Brotherhood of Carpenters & Joiners of America*, No. 09–4285, 2010 WL 2080034.................................................................................................................................... 4

*Caldwell v. Kagan*, 777 F.Supp.2d 177, 178 (D.D.C. 2011) .................................................... 9, 11

*Camps v.CP Tel. Co.*, 692 F.2d 120, 123 (D.C. Cir. 1981) ......................................................... 28

*Chennareddy v. Dodaro*, 282 F.R.D. 9, 16 (D.D.C. 2012) ...................................................... 4, 6

*Ciralski v. CIA*, 355 F.3d at 670 ...................................................................................... 5, 12, 13

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) ...................................................................... 16, 18

*Daimler Ag v. Bauman*, 517 US 117, at 75................................................................................. 21

*Dorsey v. American Express Co.*, 499 F. Supp. 2d 1, 3 (D.D.C. 2007)......................................... 8

*Dusky v. United States*, 362 U.S. 402 (1960) .............................................................................. 20

*El-Shifa Pharm. Ind. v. U.S.*, 607 F.3d 836, 841 (D.C. Cir. 2010) .............................................. 23

*Flatow v. Islamic Republic of Iran*, 999 F. Supp. 1, at 16 (D.C. 1998) ...................................... 23

*Fraternal Order of Police v. Library of Congress*, 692 F. Supp. 2d 9, 20 (D.D.C. 2010) ............. 8

*Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F. 2d 65 (3d Cir. 1986) ................. 3, 15

*Gardner v. Toilet Goods Assn., 387 U. S. 167, 172 (1967)* ....................................................... 18

*Garrett v. Wexford Health*, 938 F. 3d 69, 3rd Cir. (2019) ............................................................ 9

*Garrett v. Wexford Health*, 938 F. 3d 69, 92, 3rd Cir. (2019) ............................................... 3, 15

*Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002).................................................................... 7

*Hamrick v. United States*, No. 08-1698, 2009 WL 8747880, at *1 (D.D.C. Jan. 30, 2009)..... 9, 11

*Harnage v. Lightner,* 916 F.3d 138, 141 (2d Cir. 2019).............................................................. 14

*Hastings v. Department of Justice*, 223 F. Supp. 2d 196 (D.D.C. 2002).........................................13

*Hertz Corp. v. Friend*, 559 U.S. 77, 94–95, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010).............20

*Hurd v. Dist. of Columbia*, 864 F.3d 671, 686 (D.C. Cir. 2017) ................................................26

*Iqbal v. Ashcroft,* 556 U.S. 662 (2009) ......................................................................................18

*Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) ...................................9, 11

*Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 109 (2013)...............................................23

*Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).........................................16

*Kungys v. United States*, 485 U.S. 759, 108 S. Ct. 1537, 99 L. Ed. 2d 839 (1988).....................31

*Kyles v. Whitley*, 514 U.S. 419, 461 (1995) ................................................................................30

*Laughlin v. Holder*, 923 F.Supp.2d 204, 209 (D.D.C. 2013) ......................................................27

*Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 113 S.Ct.
    1160, 122 L.Ed.2d 517 (1993)..........................................................................................3, 15

*Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962) ...........................................................27

*Martin-Trigona v. Acton Corp.* 600 F. Supp. 1193 (D.D.C. 1984) ...............................................7

*McHenry v. Renne,* 84 F. 3d 1172 - Court of Appeals, 9th Circuit 1996 ....................................12

*McNeil v. Duncan*, Civil Action 19-694 (RDM), 7 (D.D.C. Oct. 8, 2024) ..................................27

*Michaelis v. Neb. State Bar Ass'n*, 717 F.2d 437, 439 (8th Cir. 1983)........................................15

*Middlebrooks v. St. Coletta of Greater Washington, Inc.*, Civil Action No. 09-1281 (ESH), 2
    (D.D.C. Sep. 30, 2009)...........................................................................................................10

*Neitzke v. Williams,* 490 U.S. 319, 329 (1989) ...............................................................9, 11, 14

*Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981)...........................................32

*Nixon v. United States*, 506 U.S. 224, 252 (1993) ......................................................................23

*Noble v. U.S.* ...............................................................................................................................27

*Noble v. U.S. Postal Serv.*, 71 Fed.Appx. 69, 69 (D.C. Cir. 2003)...............................................28

*Novak v. World Bank*, 703 F.2d 1305, 1310 (D.C.Cir.1983).......................................................28

*Nurriddin v. Bolden*, 818 F.3d 751, 756 (D.C. Cir. 2016)..........................................................16

*Peterson v. Archstone Communities LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011).........................28

*Rimkus v. Islamic Republic of Iran*, 750 F. Supp. 2d 163, 171 (D.D.C. 2010) .........................26

*Roque "Rocky" De La Fuente & Rocky 2016 LLC v. DNC Servs. Corp.*, Civil Action No.: 18-336
    (RC), 5 (D.D.C. Apr. 23, 2019) ..............................................................................................15

*Ruby v. Davis Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)...................................................31

*Sarei v. Rio Tinto, PLC*, 456 F.3d 1069, 1079 (9th Cir. 2006)...................................................25

*Schaedler v. Reading Eagle Publ'n, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967)...............................3

*Scheurer V. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed. 2d 90 (1974) ...............17

*Schneider v. Kissinger*, 412 F.3d 190, 193 (D.C. Cir. 2005).......................................................24

*Shea v. Donohoe Constr. Co.*, 795 F.2d 1071, 1075 (D.C. Cir. 1986) ........................................28

*Sheaffer v. Warehouse Employees Union Local No. 730,* 408 F.2d 204, 205 (D.C.Cir.)............29

*Sickle v. Torres Advanced Enter. Sols., LLC*, 884 F.3d 338, 344 (D.C. Cir. 2018)....................18

*Sickle v. Torres Advanced Enter. Sols., LLC.*, 884 F.3d 338, 345 (D.C. Cir. 2018)....................2

*Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995) ...................................................................12

*Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 38 (1976) ...........................................17

*Skinner v. Switzer*, 562 U.S. 521, 530 (2011) .............................................................................15

*Smith–Bey v. Cripe,* 852 F.2d 592, 594 (D.C.Cir.1988) .............................................................28

*Stapleton v. California*, Civil Action No. 1: 21-cv-01148 (UNA) (D.D.C. May. 27, 2021)....9, 11

*Stewart v. Nat'l Educ. Ass'n*, 471 F.3d 169, 173 (D.C. Cir. 2006)..............................................16

*Sweda v. Univ. of Pa.*, 923 F.3d 320, 326 (3d Cir. 2019) .............................................................3

*Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ................ 3, 15

*T.M. v. District of Columbia*, 961 F.Supp.2d 169, 174 (D.D.C. 2013) ............................ 11, 13, 15

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ........................... 2

*Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005) ............................................. 16

*Trakas v. Quality Brands, Inc.*, 759 F.2d 185, 187 (D.C. Cir. 1985) ............................. 28

*Twombly*, 550 U.S. at 557, 127 S.Ct. (1955) ....................................................... 16

*U.S. ex Rel. Miller v. Bill Harbert Int'l*, 608 F.3d 871, 909 (D.C. Cir. 2010) ............... 16

*U.S. v. Brodie*, 326 F. Supp. 2d 83 (D.D.C. 2004) ................................................. 8

*U.S. v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987) .............................................. 20

*Unfoldment, Inc.*, 2007 WL 3125236, at *1 " See *Bell v. Dist. of Columbia*, Civil Action 23-cv-2036 (RC), 9 (D.D.C. Jun. 5, 2024) ........................................................... 14

*United Mexican States v. Lion Mex. Consol.*, 1:21-cv-03185 (ACR), 24 n.13 (D.D.C. Nov. 8, 2024) ............................................................................................. 22

*United States ex rel. Alexander v. Dyncorp, Inc.*, 924 F. Supp. 292, 303-04 (D.D.C. 1996)....... 15

*United States v. Belmont*, 301 US 324, 329 ....................................................... 21

*United States v. Dreitzler*, 577 F.2d 539, 549-50 (9th Cir. 1978) ................................. 8

*United States v. Hansen*, 428 F. Supp. 3d 1200, 1203 (D. Utah 2019) .............................. 5

*United States v. Philip Morris, Inc.,* 116 F. Supp. 2d 131 (D.D.C. 2000)........................ 9

*United States v. Register*, 182 F.3d 820, 827 (11th Cir. 1999)................................... 8

*Vicom, Inc. v. Harbridge Merchant Servs., Inc.,* 20 F.3d 771, 776 (7th Cir. 1994) ............ 13

*W. Penn Allegheny Health Sys., Inc. v. UPMC,* 627 F.3d 85, 98 (3d Cir. 2010)................... 3

*Wesley v. Georgetown Univ.*, Civil Action No. 18-1539 (BAH) (D.D.C. Nov. 2, 2018)............ 18

*Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) .................................................. 17

*Woodruff v. DiMario*, 197 F.R.D. 191, 193 (D.D.C.2000).......................................... 18

*Youkelsone v. Fed. Deposit Ins. Corp.*, 910 F. Supp. 2d 213, 221 (D.D.C. 2012) ................ 27

*Zivotofsky Ex Rel. Zivotofsky v. Clinton*, 566 U.S. 189, 132 S. Ct. 1421, 182 L. Ed. 2d 423 (2012) ............................................................................................. 23

Table of Contents

INTRODUCTION ............................................................................................................ 1

ARGUMENT ................................................................................................................. 1

   I.    FRCP RULE 8 ..................................................................................................... 1

   II.   FRCP RULE 12(b)(6) ....................................................................................... 15

   III.  *Sui Generis* International Considerations ............................................... 20

PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO COURT MINUTE ORDER . 22

   I.    Defendants' Invocation of "Political Question" is Demonstrably Fallacious and Not Persuasive ............................................................................................................ 22

   II.   Defendants' Claim of Judicial Notice is Unavailing .................................... 25

   III.  Defendants' Assertion of Failure to Prosecute is Premature and Unavailing........... 27

   IV.  DEFENDANTS' ASSERTION THAT PLAINTIFFS FALSIFIED THE EXISTENCE OF DOE DEFENDANTS IS FICTITIOUS ................................................... 30

   V.  DEFENDANTS' ASSERTIONS PLAINTIFFS FAILED TO OBTAIN LEAVE TO PROCEED ANONYMOUSLY ARE UNAVAILING...................................................... 31

CONCLUSION ............................................................................................................. 31

**INTRODUCTION**

The Court raises three distinct issues: FRCP Rule 8, FRCP Rule 12(b)(6), and John Doe plaintiffs.  Plaintiffs respectfully reply herein to Rules 8 and 12(b)(6) issues  and to Defendants' response to this Court's minute order.

The U.S. Supreme Court held that federal rules "must be interpreted in keeping with the Rules Enabling Act, which instructs that rules of procedure 'shall not abridge, enlarge or modify any substantive right.'"  *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 612–613, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).  To dismiss would "modify", indeed abrogate, Plaintiffs' substantive rights, and deprive them of material and significant relief on their claims.

Defendants consistently and without qualification have repeatedly and knowingly misstated the case, the law, and the facts. Defendants purposefully avoid the truth of daily mounting irreparable harm to Plaintiffs' physical health and safety (and the health and safety of many others) with their delay tactics.  Families have been shattered and destroyed and continue to be shattered and destroyed.

This Court has never reviewed, opined on, or issued a mandate with respect to Plaintiffs' Second Amended Complaint nor should it here, until there is a final judgment on the merits in the court.  Doing so would be an inappropriate collateral order under this Court's and Supreme Court precedent.  Plaintiffs have a right to present their admissible record and satisfactory firsthand personal evidence at trial for judgment on whether Defendants' tortious acts caused Plaintiffs' constitutional injuries under their Second Amended Complaint.

**ARGUMENT**

**I.    FRCP RULE 8**

1

Plaintiffs have sought to balance the goals of brevity with principles of completeness and adequacy of the multiple meritorious claims to be litigated.  The Court considers the Second Amended Complaint in its entirety, s*ee Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007), and construes it liberally, granting plaintiffs "the benefit of all inferences that can [reasonably] be derived from the facts alleged," *See Sickle v. Torres Advanced Enter. Sols., LLC.*, 884 F.3d 338, 345 (D.C. Cir. 2018) (alteration in original), "and construing them in the light most favorable to the plaintiff." *Butler v. Sheriff of Palm Beach Cnty*., 685 F.3d 1261, 1265 (11th Cir, 2012)

 "[P]leadings are to be construed liberally so as to do substantial justice . . . . As a practical matter . . . provisions in Rule 8 have ramifications that transcend the pleading stage of federal practice. To some degree, the functioning of all the procedures in the federal rules for broad joinder of parties and claims, discovery, liberal amendment, judicial management, and summary judgment are intertwined inextricably with the pleading philosophy embodied in Rule 8.". CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1297 (3d ed. 2013), note 14, at § 1202.

Given the recognized liberal thrust of Rule 8 notice pleading and of the Federal Rules in general – favoring the survival of claims – in assessing whether a pleading satisfies Rule 8, there is no bright-line rule to be applied.  "[T] he term 'complex litigation'" is not "susceptible to any bright-line definition." *Manual for Complex Litigation, Fourth*, Federal Judicial Center (2004), pg. 1.  "Judges are encouraged to be innovative and creative to meet the needs of their cases." *Id*., at 3.  "Federal Rule of Civil Procedure 16(c)(12) specifically addresses complex litigation, authorizing the judge to adopt 'special procedures for managing potentially difficult or protracted actions that may involve complex issues.'" *Id.,* at 8.

"Inevitably, the sufficiency of a Second Amended Complaint must be determined on a case-by-case basis." *Frazier v. Southeastern Pennsylvania Transp. Auth*., 785 F. 2d 65 (3d Cir. 1986) at 68. The circumstances surrounding the particular pleading, including the nature of the action, the sort of relief being sought, the availability of information, and other practical considerations must guide the inquiry into whether the litigant's statement of his claim qualifies as "short and plain." *See Wright & Miller, supra,* § 1217. "…[J]udging the sufficiency of a pleading is a context-dependent exercise." *W. Penn Allegheny Health Sys., Inc. v. UPMC,* 627 F.3d 85, 98 (3d Cir. 2010); *see also Sweda v. Univ. of Pa.,* 923 F.3d 320, 326 (3d Cir. 2019) (Rule 8 "operate[s] with contextual specificity.").

The decision to dismiss a Second Amended Complaint should not be entered lightly because it "forecloses inquiry into the merits." *Schaedler v. Reading Eagle Publ'n, Inc.,* 370 F.2d 795, 798 (3d Cir. 1967).

Rule 8(e)(1) states that "[n]o technical forms of pleading or motions are required;" Rule (e) states "Pleadings must be construed so as to do justice" and Rule 8(f) provides that "[a]ll pleadings shall be so construed as to do substantial justice."

One circuit court held, "We also note that it is an abuse of discretion to dismiss an entire Second Amended Complaint if it contains some claims that satisfy Rule 8. *See Frazier v. Se. Pa. Transp. Auth*., 785 F.2d 65, 68 (3d Cir. 1986), abrogated on other grounds by *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) and *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (reversing the dismissal of the entire Second Amended Complaint as 'broad and conclusory' where the Second Amended Complaint set forth four claims with adequate specificity)." *Garrett v. Wexford Health*, 938 F. 3d 69, 92, 3rd Cir. (2019),

**A.  The Second Amended Complaint Imposes No Unjustified Burden on the Court.**

Rule 8 is intended to prevent a plaintiff from imposing an "unjustified burden" on "the [C]ourt." *Bell v. District of Columbia Government*, Civil Action No. 2023-2036 (D.D.C. 2024)(citing *Ciralsky*, 355 F.3d at 669).  "After all, "[i]t is counsel's responsibility, not the Court's, to organize th[e] information prior to the filing of a Second Amended Complaint into the 'clear and concise' statements required by the Rules." *Id*. (citing *Chennareddy v. Dodaro*, 282 F.R.D. 9, 16 (D.D.C. 2012), as counsel has done in the instant matter.

In the though sufficiently complex[1] Second Amended Complaint, Plaintiffs have "organize[d] the information" "into the clear and concise statements required by the Rules." *Id*.

**B.  The Second Amended Complaint Contains Sufficient Factual Matter**

Here, the Court asserts no *factual* inadequacy in the Second Amended Complaint. Plaintiffs' Second Amended Complaint easily satisfies the requirements of Rule 8(a) because it gives respondents fair notice of the basis for petitioner's claims.

The Supreme Court stated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009): "To survive a motion to dismiss, a Second Amended Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 1949 (citation omitted). Where a Second Amended Complaint is inadequate, leave to amend the Second Amended Complaint is common. *See, e.g., Butt v. United Brotherhood of Carpenters & Joiners of America*, No. 09–4285, 2010 WL 2080034 (E.D. Pa. May 19, 2010).

---

[1] Merriam-Webster Dictionary. *complex* suggests the unavoidable result of a necessary combining and does not imply a fault or failure.  https://www.merriam-webster.com/thesaurus/complex#:~:text=Some%20common%20synonyms%20of%20complex,imply%20a%20fault%20or%20failure.

The Second Amended Complaint provides sufficient factual matter and sufficient clarity to give fair notice of the claims raised and their basis and *essential* facts that underlie Plaintiffs' legal claims. Throughout, the causal relationship between the multitudinous tortious acts of defendants and the plaintiffs' injuries are made mandatorily clear. The allegations in the Second Amended Complaint "present circumstances upon which a jury might find the existence of 'extraordinary circumstances'" necessary to award punitive damages.. *Butera v. District of Columbia, 83 F.Supp.2d 15, 22* (D.D.C. 1999) ("*Butera I*").

### C. The Second Amended Complaint Provides Short and Plain Statement *of the Claims*

In the Second Amended Complaint, Plaintiffs have submitted a short and plain statement *of the claims* seeking relief.

Plaintiffs respect that federal rules require plaintiffs in a civil action to submit a short and plain statement *of the claim* showing they are entitled to relief. As the Supreme Court emphasized, Rule 8 (a) does not require a "short and plain Second Amended Complaint, but rather a 'short and plain statement *of the claim*.'" *Ciralski v. CIA*, 355 F.3d at 670 (quoting Fed.R.Civ.P. 8(a)(2)) (emphasis added). And it is "each allegation" that Rule 8 (d)(1) states "must be simple, concise, and direct," not the pleading itself. Fed.R.Civ.P. 8(d)(1); see *Ciralski*, 355 F.3d at 670.

As one district court stated: [A] civil Second Amended Complaint that merely recited the elements of the claims asserted and the approximate time and place that the claims arose would be summarily dismissed, for as the Supreme Court has explained, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *United States v. Hansen*, 428 F. Supp. 3d 1200, 1203 (D. Utah 2019) (citation omitted). "[A]

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) n.3.

Simultaneously, thorough and sufficient pleadings to support plaintiffs' claims in this complex case are substantively necessary to sustain and give effect to the multiple, substantial and distinct claims. Plaintiffs have made a concerted effort to avoid prolixity, vituperative charges (see *Bell v. Dist. of Columbia*, Civil Action 23-cv-2036 (RC) (D.D.C. Jun. 5, 2024), and irrelevant and redundant content that violates the court rules and detracts from the issues at hand. Plaintiffs do not plead strategy.

**D. The Second Amended Complaint is Simplified Substantially**

Pursuant to this Court's invitation, the Second Amended Complaint has been simplified substantially without sacrificing  important content. It is not repetitious nor is it replete with conclusory assertions devoid of factual content. See *Busby v. Capital One, N.A.*  932 F. Supp. 2d 114 (D.D.C. 2013). Plaintiffs have reduced the number of defendants more than half and have removed the Iraqi Kurdistan Regional Government ("KRG") as a defendant. Removing the KRG substantially simplifies the Second Amended Complaint.

Plaintiffs "cure[d] the infirmities." *See, e.g., Ciralsky,* **355 F.3d at 669** .  The Second Amended Complaint is void of surplusage and superfluity, verbosity, vagueness, redundant allegations, irrelevant and confusing material, unintelligible or unclear statements, and unnecessary averments and burdensome content.  It is organized into the 'clear and concise' statements required by the Rules." *Bell v. Dist. of Columbia*, Civil Action 23-cv-2036 (RC), 12 (D.D.C. Jun. 5, 2024); *Chennareddy v. Dodaro*, **282 F.R.D. 9, 16** (D.D.C. 2012).")  No terms are overly vague.  The Second Amended Complaint does not lack numbered paragraphs.  Facts

alleged in the Second Amended Complaint are material – fact is material when it "'might affect the outcome of the suit under the governing law.'" *Gayle v. Gonyea*, **313 F.3d 677, 682** (2d Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 248** (1986)).

### E.  The  Second Amended Complaint Remains Inescapably Complex and *Sine Qua Non*

Plaintiffs distinguish that the length of the Second Amended Complaint is *sine qua non* and inescapably due to the *sui generis* nature of the atypically and particularly complex and extensive tortious acts of Defendants' criminal schemes and global conspiracy; the large number of defendants; the on-going and expanding substantial criminality continuing into the present time; the unusually serious misconduct including torture, genocide, crimes against humanity, involving severe pain and suffering; documents in foreign languages and alleged illegal activities in multiple foreign countries; a great deal of discoverable evidence required by the interests of justice; multinational tort claims; direct, substantial, and reasonably foreseeable effects on U.S. commerce and national security; international and domestic laws; and complex issues of treaties, conventions, agreements, and laws of nations which have been violated and must contribute to governing disposition of this case.  As required, Plaintiffs state "why [defendants] are part of this action, what harm these individuals caused, [and] how these individuals are related to the 'conspiracy' that plaintiff alleges." *Martin-Trigona v. Acton Corp.* 600 F. Supp. 1193 (D.D.C. 1984).

It is unreasonable to expect insufficient brevity amidst such extraordinary[2] complexity.

---

[2] The Law Dictionary: Out of the ordinary; exceeding the usual, average, or normal measure or degree.  https://thelawdictionary.org/extraordinary/#:~:text=EXTRAORDINARY

This court described another case that is analogous: "As is obvious, this case is not straightforward, but involves 'a serious, complex conspiracy' [claim] involving multiple players and numerous properties that span several years." *U.S. v. Brodie*, 326 F. Supp. 2d 83 (D.D.C. 2004), citing *Barker*, 407 U.S. at 531. *See also United States v. Register*, 182 F.3d 820, 827 (11th Cir. 1999); *United States v. Dreitzler*, 577 F.2d 539, 549-50 (9th Cir. 1978).

Although Rule 8(a) "requires only a 'short and plain statement *of the claim* showing that the pleader is entitled to relief,' the Second Amended Complaint *must* be detailed enough to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Dorsey v. American Express Co*., 499 F. Supp. 2d 1, 3 (D.D.C. 2007) (alteration in original)(emphasis added) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted)); *see, e.g., Fraternal Order of Police v. Library of Congress*, 692 F. Supp. 2d 9, 20 (D.D.C. 2010). The Supreme Court has clarified that a SECOND AMENDED COMPLAINT must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added); *see also Iqbal*, 556 U.S. at 678.

The Second Amended Complaint provides sufficient clarity to give fair notice of the claims raised and their basis and *essential* facts that underlie Plaintiffs' legal claims. Throughout, the causal relationship between the multitudinous tortious acts of defendants and the plaintiffs' injury is made mandatorily clear. The allegations in the Second Amended Complaint "present circumstances upon which a jury might find the existence of 'extraordinary circumstances'" necessary to award punitive damages. *Butera v. District of Columbia, 83 F.Supp.2d 15, 22* (D.D.C. 1999) ("*Butera I*").

"Certainly, there can be no single 'proper length' for stating a particular claim.  The level of factual detail will vary with the complexity of the claim asserted. *See JAMES W. MOORE, MOORE'S FEDERAL PRACTICE* § 201.14 (3d ed.2003) § 8.04[1][d]."  *Garrett v. Wexford Health*, 938 F. 3d 69, 3rd Cir. (2019).  The fact that the defendants' tortious scheme has been described – accurately – as "complex" does not render Plaintiff's Second Amended Complaint legally insufficient.  See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955,  167 L.Ed.2d 929 (2007).;  *United States v. Philip Morris, Inc.,* 116 F. Supp. 2d 131 (D.D.C. 2000)

The length of the Second Amended Complaint does not stand in contrast to the nature of the dispute.  *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (noting that "the nature of the action" is relevant to the "proper length and level of clarity for a pleading") (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed. 2004)).

### F.  Length is Not a Sole Controlling Determinant

The Second Amended Complaint is *not* "illogical, incoherent, and filled with the sort of 'fantastic or delusional scenarios,' *Stapleton v. California*, Civil Action No. 1: 21-cv-01148 (UNA) (D.D.C. May. 27, 2021); see *Neitzke v. Williams,* 490 U.S. 319, 329 (1989), warranting dismissal…  More, it is *not* 'patently insubstantial, presenting no federal question suitable for decision.'"  *Caldwell v. Kagan*, 777 F.Supp.2d 177, 178 (D.D.C. 2011) affd, 455 Fed.Appx. 1 (D.C.Cir. 2009).  The Second Amended Complaint is *not* an "utterly confusing and lengthy pleading."  *Hamrick v. United States*, No. 08-1698, 2009 WL 8747880, at *1 (D.D.C. Jan. 30, 2009)(footnote omitted).

The level of factual detail will vary with the complexity of the claim asserted. *Moore*, *supra,* § 8.04[1][d].

The U.S. Supreme Court held Rule 8 requires that the pleading "possess enough heft"[3] to demonstrate an entitlement to relief. *Bell Atlantic,* 550 U.S. at 557, 127 S.Ct. 1955.  The magnitude of claims and allegations demands heft.

This court held in *Bell v. Dist. of Columbia*, Civil Action 23-cv-2036 (RC) (D.D.C. Jun. 5, 2024):  "[W]hat is a proper length and level of clarity for a pleading . . ." varies from case to case depending on "the nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters." *Jiggetts at 413* (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed. 2004)), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).

As the U.S. Supreme Court in *Ciralski* emphasized, Rule 8(a) does not require a "'short and plain Second Amended *Complaint*, but rather a 'short and plain statement of the *claim*.'" *Ciralski*, 355 F.3d at 670 (quoting Fed.R.Civ.P. 8(a)(2)). And it is "each allegation" that Rule 8(d)(1) states "must be simple, concise, and direct," not the pleading itself. Fed.R.Civ.P. 8(d)(1); *see Ciralski*, 355 F.3d at 670. ")  As this court held in *Middlebrooks v. St. Coletta of Greater Washington, Inc.*, Civil Action No. 09-1281 (ESH), 2 (D.D.C. Sep. 30, 2009), the "plaintiff's Second Amended Complaint is lengthy, it is not incomprehensible."

 "Still, a Second Amended Complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material" will fail Rule 8's standard, and so will "a Second Amended Complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and

---

[3] Cambridge Dictionary.  heft: Greater than the average size of amount

https://dictionary.cambridge.org/us/thesaurus/heft

personal comments." *T.M. v. District of Columbia*, 961 F.Supp.2d 169, 174 (D.D.C. 2013)

(citations and internal quotation marks omitted).  The Court may dismiss a pleading or an action

if it fails to comport with the standards of Rule 8. *See* Fed.R.Civ.P. 41(b); *see also Ciralsky*, 355

F.3d at 669; *Achagzai v. Broad. Bd. of Governors*, 109 F.Supp.3d 67, 69 (D.D.C. 2015).  *Jiggetts*

*v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017)

 This court held, "More important than the number of pages, however, is that like those

cases 'it is nearly impossible to discern the *essential* facts that underlie [Mr. Bell's] legal claims

because of the excessively lengthy recitation of events and myriad seemingly irrelevant

descriptions that are presented in this pleading.'" *Jiggetts*, 319 F.R.D. at 415.

 The Rule 8 standard ensures that defendants receive fair notice of the claims being

asserted so that they can prepare a responsive answer and an adequate defense. *Brown v.*

*Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). The Second Amended Complaint's length and clear

factual allegations meet this standard.

 The Second Amended Complaint is *not* "illogical, incoherent, and filled with the sort of

'fantastic or delusional scenarios,' *Stapleton v. California*, Civil Action No. 1: 21-cv-01148

(UNA) (D.D.C. May. 27, 2021); see *Neitzke v. Williams,* 490 U.S. 319, 329 (1989), warranting

dismissal… More, it is *not* 'patently insubstantial, presenting no federal question suitable for

decision.'" *Caldwell v. Kagan*, 777 F.Supp.2d 177, 178 (D.D.C. 2011) affd, 455 Fed.Appx. 1

(D.C.Cir. 2009).  The Second Amended Complaint is *not* an "utterly confusing and lengthy

pleading." *Hamrick v. United States*, No. 08-1698, 2009 WL 8747880, at *1 (D.D.C. Jan. 30,

2009)(footnote omitted).

 **G.  The Second Amended Complaint is Neither Vague Nor Ambiguous**

The Circuit Court for the District of Columbia held: *"See McHenry v. Renne,* 84 F. 3d 1172 - Court of Appeals, 9th Circuit 1996 at 1177 (noting that a Second Amended Complaint may be struck under Rule 8 if it 'is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, and the judge has already issued an order for a more definite statement which order was not complied with') (internal quotation marks omitted); *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995) (declaring that Rule 8(a) dismissal 'is usually reserved for those cases in which the Second Amended Complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised')." *Ciralsky v. CIA*, 355 F.3d 661

### H.  The Second Amended Complaint Complies with Rule 8

1. "Rule 8 does not require a 'short and plain Second Amended Complaint,' but rather a 'short and plain statement of the *claim.*'" FED. R.CIV.P. 8(a)(2) (emphasis added). *Ciralsky v. CIA*, 355 F.3d 661, (D. C. Cir. 2004)  The Second Amended Complaint *does* provide a provide "a short and plain statement of the *claim"* (FED. R.CIV.P. 8(a)(2))  showing that the "pleader is entitled to relief"  and provides "fair notice of all claims."

2. The Second Amended Complaint is not overly lengthy, rambling, or meandering, and does not include extraneous details.  "Although it may include more facts than are necessary to provide notice to the defendants, the text consists of plain narrative that is intelligible and that proceeds in chronological order." 5 WRIGHT MILLER § 1281 (2d ed. 1990).  It is not "a completely unintelligible statement of argumentative fact" or "so verbose, confused and redundant that its true substance, if any, is well

disguised." *Brown*, 75 F.R.D. at 498-99 (citations omitted). *See Hastings v. Department of Justice*, 223 F. Supp. 2d 196 (D.D.C. 2002).

3.  The Second Amended Complaint devotes *no* space to topics that have "no bearing on [Plaintiff]'s legal claims." *Bell v. Dist. of Columbia*, Civil Action 23-cv-2036 (RC) (D.D.C. Jun. 5, 2024)

4.  The Second Amended Complaint contains *no* "unnecessary details' that "are 'bold conclusions, sharp harangues and personal comments,'" *Bell v. Dist. of Columbia*, Civil Action 23-cv-2036 (RC) (D.D.C. Jun. 5, 2024); *Brown*, <u>75 F.R.D. at 499</u>.

5.  The Second Amended Complaint does *not* include irrelevant or conclusory allegations. *See Vicom, Inc. v. Harbridge Merchant Servs., Inc.,* 20 F.3d 771, 776 (7th Cir. 1994)

6.  The Second Amended Complaint is *not* frivolous on its face. *See Salahuddin,* 861 F.2d at 43 (vacating Rule 8(a) dismissal and remanding to permit amendment because plaintiff's "allegations are sufficiently clear and specific to give the defendants notice of ways in which they are claimed to have violated [plaintiff's] rights, and one cannot say that ... [plaintiff] can prove no set of facts that would entitle him to relief"). *Ciralsky v. CIA*, 355 F.3d 661 (D.C.Cir. 2004)

7.  The Second Amended Complaint contains *no "*personal feelings about this case." *Bell v. Dist. of Columbia*, Civil Action 23-cv-2036 (RC), 11 (D.D.C. Jun. 5, 2024)

8.  The Second Amended Complaint does *not* "contain[]an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *T.M. v. District of Columbia*, 961 F.Supp.2d 169, 174 (D.D.C. 2013) (citations and internal quotation marks omitted).

9. "This is [] a case that spans many years, involves a large number of plaintiffs, [and] combines claims that have a distinct underlying factual basis." *Bell v. Dist. of Columbia*, Civil Action 23-cv-2036 (RC), 9 (D.D.C. Jun. 5, 2024)

10. The Second Amended Complaint is *not* "prolix, redundant, bloated with unnecessary detail, and full of vituperative charges . . ." *Unfoldment, Inc.*, 2007 WL 3125236, at *1 " See *Bell v. Dist. of Columbia*, Civil Action 23-cv-2036 (RC), 9 (D.D.C. Jun. 5, 2024).

11. The Second Amended Complaint does *not* suffer a "lack-of-clarity problem" *Bell v. Dist. of Columbia*, Civil Action 23-cv-2036 (RC), 12 (D.D.C. Jun. 5, 2024).

12. The *allegations* are "simple, concise, and direct," as required by Rule 8 (e) (amended 2007). It is "each allegation" that Rule 8(d)(1) states "must be simple, concise, and direct," not the pleading itself. Fed.R.Civ.P. 8(d)(1); *see Ciralski*, 355 F.3d at 670.

13. The Second Amended Complaint properly "identifies discrete defendants and the actions taken by these defendants" in regard to the plaintiff's claims. *See Harnage v. Lightner,* 916 F.3d 138, 141 (2d Cir. 2019) (per curiam).

14. The Second Amended Complaint pleads adequate factual content to support a reasonable inference that defendants were liable and presents cognizable legal claims to which defendants could respond on the merits.

15. The Second Amended Complaint is *not* "indisputably absent any factual or legal basis." *Neitzke v. Williams*, 490 U.S. 319, 323 (1989)

16. The Second Amended Complaint does *not* "contain an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold

conclusions, sharp harangues and personal comments." *T.M. v. District of Columbia*, 961 F.Supp.2d 169, 174 (D.D.C. 2013)

17. The Second Amended Complaint engages *no* "shotgun approach"; *United States ex rel. Alexander v. Dyncorp, Inc*., 924 F. Supp. 292, 303-04 (D.D.C. 1996)

18. The Second Amended Complaint engages *no* "harassing litigation".  *Gordon v. Green*, 602 F.2d 743, 745 (5th Cir. 1979)

19. The Second Amended Complaint does *not* contain "style and prolixity of pleadings [which] would have made an orderly trial impossible." *Michaelis v. Neb. State Bar Ass'n*, 717 F.2d 437, 439 (8th Cir. 1983)

One circuit court held, "We also note that it is an abuse of discretion to dismiss an entire Second Amended Complaint if it contains some claims that satisfy Rule 8. *See Frazier v. Se. Pa. Transp. Auth.,* 785 92*92 F.2d 65, 68 (3d Cir. 1986), abrogated on other grounds by *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) and *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (reversing the dismissal of the entire Second Amended Complaint as 'broad and conclusory' where the Second Amended Complaint set forth four claims with adequate specificity)." *Garrett v. Wexford Health*, 938 F. 3d 69, 92, 3rd Cir. (2019).

## II.    FRCP RULE 12(b)(6)

 "A motion to dismiss under Rule 12(b)(6) does not test a plaintiff's ultimate likelihood of success on the merits, but instead whether a plaintiff has properly stated a claim. *See*, *e.g*., *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)." *Roque "Rocky" De La Fuente & Rocky 2016 LLC v. DNC Servs. Corp.*, Civil Action No.: 18-336 (RC), 5 (D.D.C. Apr. 23, 2019).

"A Second Amended Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Supreme Court held that to survive a motion to dismiss, a Second Amended Complaint must provide more than "naked assertion[]" devoid of "further factual enhancement." *U.S. ex Rel. Miller v. Bill Harbert Int'l*, 608 F.3d 871, 909 (D.C. Cir. 2010) *Citing Twombly*, 550 U.S. at 557, 127 S.Ct. (1955).

A Rule 12(b)(6) motion tests the sufficiency of the allegations of a Second Amended Complaint. *See Scheuer*, 416 U.S. at 236. Each of the claims for relief of the Second Amended Complaint state a clear and unambiguous claim under FRCP 12(b)(6).

In considering a motion to dismiss under FRCP 12(b((6), the Second Amended Complaint must be construed "liberally in the plaintiff's favor with the benefit of all reasonable inferences derived from the facts alleged ...." *Stewart v. Nat'l Educ. Ass'n*, 471 F.3d 169, 173 (D.C. Cir. 2006) (citing *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). All inferences drawn thus far by Defendants "are unsupported by the facts set out in the Second Amended Complaint." *Nurriddin v. Bolden*, 818 F.3d 751, 756 (D.C. Cir. 2016) (quoting *Kowal*, 16 F.3d at 1276) (brackets omitted).

In evaluating a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, a court must "assume the truth of all material factual allegations in the Second Amended Complaint and 'construe the Second Amended Complaint liberally, granting plaintiff[s] the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).

In order to have standing to pursue their claims, (1) Plaintiffs must have "suffered an 'injury in fact,'" that was or is "actual or imminent, not 'conjectural'or 'hypothetical'"; (2) there must be a causal relationship between the injury and the basis for the claim; and (3) it must be'" '"likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 560-61 (quoting *Allen v. Wright*, 468 U.S. 737, 756 (1984); *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990); *Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 38 (1976)).  The traditional prerequisites for standing are each present in the instant case, and established.

### A.  Plaintiffs' Second Amended Complaint is Sufficient

The U.S. Supreme Court held, "When a federal court reviews the sufficiency of a Second Amended Complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the Second Amended Complaint should be construed favorably to the pleader." *Scheurer V. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed. 2d 90 (1974)

The U.S. Supreme Court further held, "In appraising the sufficiency of the Second Amended Complaint we follow, of course, the accepted rule that a Second Amended Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Conley* v. *Gibson,* 355 U. S. 41, 45-46 (1957) (footnote omitted)  *See also Gardner v. Toilet Goods Assn., 387 U. S. 167, 172 (1967).*

While the D.C. Circuit has clarified that "at the motion to dismiss stage, the district court cannot throw out a Second Amended Complaint even if the plaintiff did not plead the elements of a prima facie case," *Brown v. Sessoms*, 774 F.3d 1016, 1023 (D.C. Cir. 2014) (internal quotation marks and alteration omitted), the plaintiff must still allege sufficient facts "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Id*. (quoting *Iqbal*, 556 U.S. at 678)  *See Wesley v. Georgetown Univ*., Civil Action No. 18-1539 (BAH) (D.D.C. Nov. 2, 2018) – a standard that Plaintiffs have met in the Second Amended Complaint.

### B.  Plaintiff's Second Amended Complaint Complies With and Satisfies Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim or Second Amended Complaint" by asking whether the plaintiff has properly stated a claim for which relief can be granted. *Sickle v. Torres Advanced Enter. Sols., LLC*, <u>884 F.3d 338, 344</u> (D.C. Cir. 2018).

Plaintiffs have "properly stated a claim for which relief can be granted."  *Id. Sickle*. Plaintiffs have "'included all of the necessary facts' required in order to state a claim for relief under the 'heightened pleading requirement'" detailed in *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544 (2007), and *Iqbal v. Ashcroft,* 556 U.S. 662 (2009)."

A motion to dismiss under Rule 12(b)(6) tests whether a Second Amended Complaint has properly stated a claim upon which relief may be granted. *Woodruff v. DiMario*, 197 F.R.D. 191, 193 (D.D.C.2000).

For a Second Amended Complaint to survive a Rule 12(b)(6) motion, FRCP 8(a) requires that it contain "a short and plain statement *of the claim* showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Although Rule 8 (a) does not require "detailed factual allegations," a plaintiff is required to provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)), in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (omission in original). In other words, "a Second Amended Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 547, 127 S.Ct. 1955). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). A Second Amended Complaint alleging facts which are "merely consistent with a defendant's liability ... stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955) (internal quotation marks omitted).

To survive a Rule 12(b)(6) motion to dismiss the pleading must be sufficiently intelligible for the court to determine one or more potentially viable legal theories on which the claimant might proceed. In other words, "[t]o survive a motion to dismiss, a Second Amended Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Second Amended Complaint presents sufficiently intelligible legal theories for this Court.

### III.    *Sui Generis* International Considerations

The U.S. Supreme Court held, "And clarity is doubly important here where foreign nations and foreign lawyers *must understand our law." Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co. ("Helmerich I"),* 581 U.S. 170, 174, 137 S.Ct. 1312, 197 L.Ed.2d 663 (2017). (emphasis added)

The Second Amended Complaint does not embroil any foreign sovereign or agency or instrumentality of any foreign sovereign or any of its lawful public acts, nor touch on foreign sovereign immunity.  It does possess unique international and transnational characteristics, needing to be balanced, including violations of international laws, treaties, conventions, and agreements.  Many Defendants are foreigners and high-ranking officials of foreign government entities which would inherently create increased complexity when "clarity is doubly important… where foreign nations and foreign lawyers must understand our law." *Bolivarian at* 1321-22 (citing *Hertz Corp. v. Friend,* 559 U.S. 77, 94–95, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010).

Plaintiffs have exercised a duty of care, and endeavored to ensure foreign-based Defendants, including Arabic, Kurdish, and Sorani speaking Iraqi nationals, are accorded, through the Second Amended Complaint, reasonable and "sufficient present ability to consult with [their] lawyer with a reasonable degree of rational understanding – and whether [they have] a rational as well as factual understanding of the proceedings against [them]," *Dusky v. United States*, 362 U.S. 402 (1960) and can "participate intelligently to the extent participation is called for," *Chavez,* 656 F.2d at 518 (9th Cir. 1981), "with enough precision to allow the defendant to understand the charges, to prepare a defense…" *U.S. v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987).

To that end, as a matter of obligation and in recognition and respect of internationality and customary international practice, and with discretionary "highest considerations of

international comity" *United States v. Belmont*, 301 US 324, 329, due to the potential for confusion or language misinterpretation or absence of understanding of U.S. judicial protocols and procedures, and issues of common understanding and individual rights which foreigners reasonably may not be expected to comprehend for themselves, and because foreign-based defendants are individuals and not sovereign governments with large legal departments, and conflicts between treaty provisions and statutory law may exist, Plaintiffs have endeavored to provide a sufficient degree of awareness to the language and comprehension needs of foreign-based, non-English-speaking Defendants uneducated in American law.  By means of its appropriately comprehensive and purposeful inclusion of case law – to meet the needs of each defendant – the suit "does not offend 'traditional notions of fair play and substantial justice.'" *Daimler Ag v. Bauman*, 517 US 117, at 754  *Goodyear,* 564 U.S., at 923, 131 S.Ct., at 2853 (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

In the instant case, and given that the relationship between international law and the U.S. legal system implicates complex legal dynamics, it is unusually imperative to ensure full understanding of language and the present legal matters, as the defendants' tortious acts are detrimental to the United States' national security and foreign relations and the safety of Plaintiffs and Americans in the Middle East, and constitute universally condemned behavior. See Restatement § 404, and Comment a; International Law Association, *Final Report on the Exercise of Universal Jurisdiction in Respect of Gross Human Rights Offences 2 (2000).*  Defendants' condemned behavior includes torture, genocide, crimes against humanity and human rights, and crimes involving moral turpitude.

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO COURT MINUTE ORDER**

I.    **Defendants' Invocation of "Political Question" is Demonstrably Fallacious and Not Persuasive**

A.    **Defendants' Repetitive Assertion of Political Question is Purposefully Diversionary**

This repetitive assertion improperly burdens the court, is actively obstructive, and is yet another deliberate contrivance of Defendants to create a distraction, to wrongly divert the attention of the Court from Defendants' background and record, and the circumstances of Defendants' global criminal tortious acts, to an extraneous matter and from the merits of the case, namely Defendants' responsibility for the claimed torts.

This assertion is nothing more than "red herring" smokescreen to divert the court's attention from the real factual issues of this case.  (This court delineated the "figurative use of 'red herring' has a fishy etymology. its figurative meaning of a clue used to divert from an issue at hand. *See id; see also* Michael Quinion, *The Lure of the Red Herring*, WORLD WIDE WORDS (Oct. 25, 2008), https://www.worldwidewords.org/herring.html (citing Robert Scott Ross & Gerald Cohen, *Two Contributions to the Study of Red Herring*, *in* COMMENTS ON ETYMOLOGY 58, 58-69 (Gerald Cohen ed., 2008)

*United Mexican States v. Lion Mex. Consol.*, 1:21-cv-03185 (ACR), 24 n.13 (D.D.C. Nov. 8, 2024)

In 1667, *Gentleman's Recreation* suggested using the scent of red herring to keep hounds *on* the trail during a fox hunt. *See Red Herring*, OXFORD ENGLISH DICTIONARY, https://www.oed.com/dictionary/red-herringn (last visited Oct. 17, 2024) (citing NICHOLAS COX, THE GENTLEMAN'S RECREATION 59 (1674))."

*United Mexican States v. Lion Mex. Consol.*, 1:21-cv-03185 (ACR), 24 n.13 (D.D.C. Nov. 8, 2024))

### B.  No Political Question is Engaged

The present matter involves no "political question", does not engage foreign policy, does not disrespect the judicial processes of any nation, and presents no nonjusticiable political questions; thus, this court has jurisdiction of the matters raised herein. See *Zivotofsky Ex Rel. Zivotofsky v. Clinton*, 566 U.S. 189, 132 S. Ct. 1421, 182 L. Ed. 2d 423 (2012).  There is no danger of inadvertent interference with foreign relations.  See *Flatow v. Islamic Republic of Iran*, 999 F. Supp. 1, at 16 (D.C. 1998).

This is extensively particularized in the Second Amended Complaint at ¶¶166-170 pp. 69-71, which Defendants know.

This Circuit Court characterized *Baker v. Carr* as "the seminal case" of the political question.  *El-Shifa Pharm. Ind. v. U.S.*, 607 F.3d 836, 841 (D.C. Cir. 2010)

As the U.S. Supreme Court cautioned in *Baker* v. *Carr*, 369 U.S. 186, 210-211 (1962), "the 'political question' label" tends "to obscure the need for case-by-case inquiry." The need for such close examination is nevertheless clear from our precedents, which demonstrate that the functional nature of the political question doctrine requires analysis of "the precise facts and posture of the particular case," and precludes "resolution by any semantic cataloguing," *Id.*, at 217:  *Nixon v. United States*, 506 U.S. 224, 252 (1993).

The "precise facts and posture of the particular case," *Baker*, at 217, present no political question, and present no "danger of unwarranted judicial interference in the conduct of foreign policy." *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 109 (2013).

The facts of the case particularized in the Second Amended Complaint do not support Defendants' additional plainly, transparently, and demonstrably fallacious inferences about a political motive for Plaintiffs' Second Amended Complaint. *None* of Defendants' tortious acts harming Plaintiffs were lawfully authorized "public acts of a recognized sovereign power…" *See Banco Nacional de Cuba v. Sabbatino,* 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964).

Contrary to Defendants' unfounded and unsubstantiated, indeed spurious, assertion, repeated in their several motions, there is nothing in the instant case impelled by political motive. To so assert is groundless, wholly fabricated by Defendants, independent of fact, with no other evident purpose but to obscure truths or mislead or prejudice the court, which a reasonable person would infer. Nothing in the instant case presents nonjusticiable political questions. "Yet it is error to suppose that every case or controversy which touches foreign relations lies beyond judicial cognizance. " *Baker v. Carr*, 369 U.S. 186, 211 (1962). "The doctrine of which we treat is one of "political questions," not one of "political cases." *Id*. at 217.

"Courts considering the political question doctrine begin with the Supreme Court's elaboration of the appropriate analysis in *Baker v. Carr,* 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962), where the Court described the doctrine as a function of the separation of powers, and set forth six factors that require the dismissal of a suit under the political question doctrine if any one of them is "inextricable from the case at bar." 369 U.S. at 217, 82 S.Ct. 691.

As this Circuit Court has recognized, "Contemporary application of the Political Question Doctrine, as recognized by the District Court, draws on the analysis set forth in *Baker v. Carr,* 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). " *Schneider v. Kissinger*, 412 F.3d 190, 193 (D.C. Cir. 2005). "Courts considering the political question doctrine begin with the Supreme Court's elaboration of the appropriate analysis in *Baker v. Carr,* 369 U.S. 186, 82 S.Ct.

691, 7 L.Ed.2d 663 (1962), where the Court described the doctrine as a function of the separation

of powers, and set forth six factors that require the dismissal of a suit under the political question

doctrine if any one of them is 'inextricable from the case at bar.' 369 U.S. at 217, 82 S.Ct. 691."

*Sarei v. Rio Tinto, PLC*, 456 F.3d 1069, 1079 (9th Cir. 2006)

In the instant case, none of the six factors are present.

### C.  Defendant's Calculated Pattern and Practice of Misrepresentation is Obstructive

Examples of Defendants' concocted and purposefully misleading statements and tactics

are materially particularized in the Second Amended Complaint at ¶¶274-279 pp. 100-103, ¶357

p. 124, ¶421 p. 147, ¶447 p. 154 , ¶464 p. 160, ¶481 pp. 166-168, ¶508 p. 176, ¶510 p. 176, ¶528

p. 262, ¶530 p. 262, ¶531 p. 263, ¶538 p. 188 , ¶547 p. 192, ¶550 p. 194, ¶553 p. 272, ¶554 p.

273, ¶576 p. 282 , ¶587 p. 287, ¶595 p. 289, ¶605 p. 291, ¶612 p. 295 , ¶ 621 p. 298, ¶638 p. 304,

¶650 p. 309 , and ¶903 p. 375.

In a pattern and practice, well documented by Plaintiffs and by U.S. Government

agencies and to be presented at trial, and absent diplomatic status or immunity, Defendants, and

their agents and representatives, repeatedly, knowingly, and willfully falsify, conceal and cover

up material facts, make false, fictitious and fraudulent statements or representations, make and

use false writing and documents knowing the same to contain false, fictitious and fraudulent

statements, and otherwise operate to deceive, with deliberate and conscious indifference for the

process or for authority, and perpetuate the Barzani defendants' corrupt and continuous pattern

of diverting attention away from their criminal behavior and misconduct and acting with a

pervasive pattern of deliberate indifference to mislead.


### II.    Defendants' Claim of Judicial Notice is Unavailing

Defendants knowingly make an express but false assertion of "fact", misleading the Court with respect to its presentation of supposed material facts, stating that "the Court can take judicial notice that, even after this lawsuit commenced, Plaintiffs were working to drum up Doe Plaintiffs with the promise of compensation," equating it to witness tampering. *Motion, page 14*.

It is improper for the Court to take such judicial notice based wholly upon allegedly factual and unverified representations by Defendants, and would require an insurmountable inferential leap.

Plaintiffs have neither taken nor encouraged nor knowingly facilitated any acts that tamper with the administration of justice.

Judicial notice may only be taken of "facts". (FRCP 201(b)) Facts serve as the foundation for legal arguments and determining the outcome of a case, yet here Defendants masquerade one on-line posting as "fact." The Court can "not rely on it for the truth of the matter asserted." *Id.*; *see* 21B Fed. Prac. & Proc. Evid. § 5106.4 (2d ed.) ("[A] court cannot take judicial notice of the truth of a document simply because someone put it in the court's files."). *Hurd v. Dist. of Columbia*, 864 F.3d 671, 686 (D.C. Cir. 2017).

"Federal Rule of Evidence 201(b) permits courts to take judicial notice of facts that are 'not subject to reasonable dispute' and that are 'either (1) generally known within the territorial jurisdiction . . . or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" Fed.R.Evid. 201(b). ") *Rimkus v. Islamic Republic of Iran*, 750 F. Supp. 2d 163, 171 (D.D.C. 2010) A single on-line social media post on a public-access digital platform, an open, decentralized interactive model of content creation lacking all

content validation[4], purportedly based on facts alleged in the Second Amended Complaint is not the type of document, and the content and veracity thereof, about which there can be no reasonable dispute.

"A court, however, need not "accept as true 'a legal conclusion couched as a factual allegation…'" *McNeil v. Duncan*, Civil Action 19-694 (RDM), 7 (D.D.C. Oct. 8, 2024) *See Laughlin v. Holder*, 923 F.Supp.2d 204, 209 (D.D.C. 2013).

This Court held, "a court may take judicial notice of historical, political, or statistical facts, or any other facts that are verifiable with certainty." *Mintz,* 729 F.Supp.2d at 278 n. 5 (internal citation omitted)." *Youkelsone v. Fed. Deposit Ins. Corp.*, 910 F. Supp. 2d 213, 221 (D.D.C. 2012). The Court knows nothing about the source or provenance of Defendants' quoted post, nor is the Court in a position to question the propriety of or verify with certainty the alleged adjudicative fact.

Plaintiffs must have the opportunity to dispute any content in social media postings.

**III.    Defendants' Assertion of Failure to Prosecute is Premature and Unavailing**

At this stage, the "harsh sanction of dismissal for failure to prosecute" (*Noble v. U.S. Postal Serv.*, 71 Fed.Appx. 69, 69 (D.C. Cir. 2003) is clearly unwarranted. Only "when circumstances make such action appropriate, a District Court may dismiss a Second Amended Complaint for failure to prosecute…" *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962). No such demanding "circumstances" yet exist.

---

[4] President Donald J. Trump: "Chinese propagandists and the Iranian dictator spew threats and hateful lies on these platforms with impunity." *Donald J. Trump: Why I'm Suing Big Tech*, Wall Street Journal, July 8, 2021.

The Circuit Court of the District of Columbia held, "[b]ecause disposition of claims on the merits is favored [,] . . . the harsh sanction of dismissal for failure to prosecute is ordinarily limited to cases involving egregious conduct by particularly dilatory plaintiffs, after 'less dire alternatives' have been tried without success." *Noble v. U.S. Postal Serv.*, 71 Fed.Appx. 69, 69 (D.C. Cir. 2003) (quoting *Trakas v. Quality Brands, Inc.*, 759 F.2d 185, 187 (D.C. Cir. 1985)); *see Gardner*, 211 F.3d at 1308-09; *Shea v. Donohoe Constr. Co.*, 795 F.2d 1071, 1075 (D.C. Cir. 1986); *Camps v.CP Tel. Co.*, 692 F.2d 120, 123 (D.C. Cir. 1981).

*Peterson v. Archstone Communities LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011)

The Circuit Court of the District of Columbia held, "Because disposition of claims on the merits is favored[,] the harsh sanction of dismissal for failure to prosecute is ordinarily limited to cases involving egregious conduct by particularly dilatory plaintiffs, after less dire alternatives have been tried without success." *Id.* (alterations and internal quotation marks omitted). A dismissal for failure to prosecute due to a "delay in service is appropriate ... only when there is no reasonable probability that service can be obtained" or there is a "lengthy period of inactivity." *Smith–Bey v. Cripe,* 852 F.2d 592, 594 (D.C.Cir.1988); *see also id.* (dismissal of pro se defendant's Second Amended Complaint for failure to prosecute not warranted where "it is probable that service could yet be obtained"); *Novak v. World Bank,* 703 F.2d 1305, 1310 (D.C.Cir.1983) ("Although district courts have broad discretion to dismiss a Second Amended Complaint for failure to effect service, dismissal is not appropriate when there exists a reasonable prospect that service can be obtained."). A "lengthy period of inactivity" may justify dismissal " 'particularly ... if the plaintiff has been previously warned that he must act with more diligence, or if he has failed to obey the rules or court orders, or if he has no excuse for the delay, or if there are other factors aggravating the inaction.' " *Angellino v. Royal Family Al-Saud*, 688

F.3d 771, 775-76 (D.C. Cir. 2012) (citing *Smith–Bey*, 852 F.2d at 594 (quoting 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2370, at 205–07 (1971)).")

Plaintiffs have never been dilatory, and it remains reasonably probable that service of evasive Defendants can be obtained. There has been no "lengthy period of inactivity," no inactivity at all, no noncompliance with court deadlines, nor have Plaintiffs been warned to act with more diligence, nor have they failed to obey established rules or court orders. See *Ames v. Standard Oil Co. (Indiana)*, 108 F.R.D. 299, 302 (D.D.C. 1985) ("Dismissal for failure to prosecute is particularly appropriate when such a failure is coupled with disobedience to court orders or a disregard of established rules. *See Sheaffer v. Warehouse Employees Union Local No. 730,* 408 F.2d 204, 205 (D.C.Cir.), *cert. denied,* 395 U.S. 934, 89 S.Ct. 1996, 23 L.Ed.2d 449 (1969).")

Failure to yet serve all Defendants is not attributable to any period of inactivity. Some Defendants, as part of a sustained pattern over time to needlessly delay the progress of this action, have played a "cat and mouse game" "to evade service" *Ali v. Tolbert*, 636 F.3d 622, 627 (D.C. Cir. 2011). Evasive foreign-based defendants present substantial challenges of service being addressed in a separate contemporaneous motion to this Court.

Defendants present no factual record of "plaintiffs' record of dilatory prosecution." *Ames v. Standard Oil Co. (Indiana)*, 108 F.R.D. 299, 302 (D.D.C. 1985)

Defendants' assertion is yet another calculated and inauthentic attempt to evade discovery. Through discovery Plaintiffs will develop a body of documents and information sufficient to inform the Court that their claims are genuine and sufficient to support the conclusion that Plaintiffs' claims are meritorious from all perspectives.

## IV.    DEFENDANTS' ASSERTION THAT PLAINTIFFS FALSIFIED THE EXISTENCE OF DOE DEFENDANTS IS FICTITIOUS

### A. Defendants' Assertion of Witness-Tampering Equivalency is Unavailing

Reflective of Defendants' long-established pattern and practice of misrepresentation, as thoroughly particularized in the Second Amended Complaint (see ¶135 p. 59, ¶513 p. 257, ¶514 p. 257, 543 p. 190, ¶598 p. 217,  ¶538 p.188 , ¶632 p. 302 , ¶636 p. 303 , ¶647 p. 308, ¶648 p. 308, ¶654 p. 312), as a desperate adversarial tactic and smokescreen Defendants assert by "dangling large monetary sums before the parties … is not far removed from witness-tampering."  Motion page 15.  Nothing savoring of corruption or attempt to corrupt by Plaintiffs is present in the Second Amended Complaint.  Any notion of "dangling of large monetary sums" is a purely fictitious creation of Defendants.  Plaintiffs and counsel have used no inducements, including persuasion, artifice, stealth, stratagem, fraudulent representations, threats, coercive tactics, harassment, reward or promises of reward, or pleas based on need, sympathy, or friendship, nor have they authorized any person to do so in their behalf.

To prove witness tampering or its equivalency, Defendants must demonstrate, beyond a reasonable doubt, that the accused intentionally attempted to influence or obstruct a witness's testimony, using methods like threats, bribes, or coercion, with the intent to alter their testimony or prevent them from testifying.

Defendants have presented no factual support, and none exists, for Defendants' false, baseless, and nonsensical misrepresentation.  Such smacks of what the U.S. Supreme Court calls "desperate implausibility." *Kyles v. Whitley*, 514 U.S. 419, 461 (1995), and can surely be presented only to mislead, distract, or influence this Court.  The Supreme Court has defined that

"misrepresentation is material" if it "has a natural tendency to influence, or was capable of influencing, the decision of the decision-making body to which it was addressed." *Kungys v. United States*, 485 U.S. 759, 108 S. Ct. 1537, 99 L. Ed. 2d 839 (1988).

    B. **Defendants' Assertion of Falsified John Doe Plaintiffs is Unavailing**

    No "falsified" John Doe Plaintiffs exist - an issue that is addressed in a contemporaneous motion.

## V.    DEFENDANTS' ASSERTIONS PLAINTIFFS FAILED TO OBTAIN LEAVE TO PROCEED ANONYMOUSLY ARE UNAVAILING

    A.  These unfounded and baseless assertions are addressed in a separate motion filed contemporaneously.

## CONCLUSION

Civil litigation under the ATA (Anti-Terrorism Act (ATA), 18 U.S.C. § 2333) plays an irreplaceable role in reinforcing governmental antiterrorism efforts, providing "an invaluable supplement to the criminal justice process and administrative blocking orders." Jimmy Gurulé, *Unfunding Terror: the Legal Response to the Financing of Global Terrorism* 325 (2008).*(cited by Estate of Fakhoury v. Islamic Republic of Iran*, Civil Action 21-1218 (JDB) (D.D.C. Nov. 13, 2024)).

The Second Amended Complaint does "comport with the standards of Rule 8." *See* Fed.R.Civ.P. 41(b); *see also Ciralsky*, 355 F.3d at 669; *Achagzai v. Broad. Bd. of Governors*, 109 F.Supp.3d 67, 69 (D.D.C. 2015). Any claim that may survive a Rule 12(b)(6) challenge meets the pleading requirements of Rule 8. See *Ruby v. Davis Foods, Inc*., 269 F.3d 818, 820 (7th Cir. 2001) "[A] court may dismiss a Second Amended Complaint only if it is clear

that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Swierkiewicz,* 534 U.S. at 514.

Dismissal for failure to meet the standards in Rule 8(e) is appropriate only in limited circumstances where a Second Amended Complaint proves patently verbose, confusing, and rambling. *See Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). The length of the Second Amended Complaint is due to the gravity and complexity which must govern disposition of the case.

The Second Amended Complaint is as concise as the factual enormity, large volume of evidence, and tortious entanglement and complexity of the case warrant. The merit of the fact-intensive allegations and claims is a factual question to be considered at the *merits* stage; it is not a consideration relevant to a Rule 12(b)(6) action.

Respectfully submitted,

James R. Tate
Counsel for Plaintiffs

***Counsel for Plaintiffs Kurdistan Victims Fund, et. al.***
**TATE BYWATER**
By:      /s/ James R. Tate_____
        Tate Bywater
        James R. Tate, *pro hac vice*
        (VA Bar Number 06241)
        2740 Chain Bridge Road
        Vienna, VA 22181
        Tel: 703-938-5100
        Email: jtate@tatebywater.com

        /s/ Benjamin Ader_____
        Tate Bywater
        Paul Mickelsen (D.C. Bar Number 500750)
        Benjamin Ader (D.C. Bar Number 1616990)
        2740 Chain Bridge Road
        Vienna, VA 22181
        Tel: 703-938-5100

Email: pmickelsen@tatebywater.com
Email: bader@tatebywater.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 27, 2025, I served a true and accurate copy of the foregoing via ECF.

 /s/ James R. Tate