**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Kurdistan Victims Fund, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 24-cv-278-RDM |
| | ) | |
| | ) | |
| | ) | |
| Kurdistan Regional Government, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR CONFERENCE AND STAY**

Pursuant to LCvR 7, Fed. R. Civ. P. 6(b), and this Court's Standing Order in Civil Cases, Defendant Joe R. Reeder hereby moves the Court for: (1) a pre-motion conference at which Plaintiffs can provide the basis, if any, for their conclusory allegations that opposing counsel, former Under Secretary of the Army Mr. Reeder, was engaged in money laundering or any other misconduct; and (2) a stay of responsive pleading deadlines both to allow for this conference, and because many targets of this lawsuit (including all foreign defendants) remain to be served, notwithstanding that this lawsuit was filed 18 months ago.  Such relief would be consistent with an earlier order of the Court.  *See* Minute Order (Apr. 12, 2024) (staying response deadline pending completion of service).

This Motion arises from Plaintiffs' repeated, factually unsupported attacks on opposing counsel, first asserted only after Mr. Reeder entered an appearance on behalf of several Defendants and sought a routine extension.  Over three sets of pleadings spanning hundreds of pages, Plaintiffs have alleged nothing to connect a distinguished member of the bar and former Senate-confirmed public official to an alleged international criminal conspiracy engaged in countless crimes, including murder.  This Court previously admonished Plaintiffs' counsel that Rule 11 requires an

amended complaint to allege specific facts tying each defendant to specific causes of action. Hearing Tr. 24:10-19, ECF 59; *see also* Mem. Op. & Order, ECF 83, at 3.  Ignoring that advice, Plaintiffs have doubled-down on unfounded allegations against opposing counsel.  Those claims are an attack on Mr. Reeder's character that abjectly fail to "satisfy[y] [Plaintiffs'] obligations under Rule 11," and serve no function but to harass their opposing counsel.  Mem. Op. & Order 3. If Plaintiffs have any factual basis for their allegations that did not appear in the Third Amended Complaint, they can provide that at the requested conference.

Undersigned conferred with Plaintiffs' counsel, James Tate, on June 12, 2025, and confirmed that opposing counsel has no opposition to staying the response deadline for the Third Amended Complaint.  This Motion is supported by the accompanying Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

The four complaints in this case are remarkable in several ways, but particularly offensive for suing opposing counsel.  Plaintiffs' original complaint did not name Joe Reeder.  ECF 1.  Only after Mr. Reeder appeared on behalf of a group of defendants and began capably representing them did Plaintiffs add him to their bizarre conspiracy theory.  But suing opposing counsel is not an acceptable tactic.  It seeks to deprive parties of their chosen counsel, creates a potential conflict between lawyer and client, and undermines opponents' ability to mount a defense.  In this case, Mr. Reeder's clients thus far have had no trouble fending off Plaintiffs' frivolous claims, but harm to his reputation and expenditure of resources remain heavy burdens on Mr. Reeder himself.  The Court should intervene to end this abuse.

The Court has been clear in its disapproval of Plaintiffs' tactics against Mr. Reeder and dismissed their legally groundless defamation claim.  *See* Mem. Op. & Order 6 n.1.  Yet Plaintiffs

2

persist in pursuing purely conclusory allegations of criminal and tortious conduct against him without any factual or evidentiary basis, or indeed any allegations of specific, actionable conduct he undertook. Plaintiffs assert in broad strokes that Reeder "masterminded" a scheme of money laundering and other financial crimes in order to funnel money into a never-defined criminal conspiracy. *E.g.*, ECF 85 ¶ 43. But the Third Amended Complaint, like those it follows, nowhere identifies so much as one suspicious transaction, incorporation, or regulatory filing in which Reeder was allegedly involved. It instead reverts to the pattern from Plaintiffs' previous complaints of alleging long lists of bad acts and nefarious purposes in hopes that the bare recitation of elements will sideline Mr. Reeder while he prepares his own defense rather than assisting his clients.

Enough is enough. Adding opposing counsel as a defendant "disrupt[s] the adversarial system and could invade the attorney-client privilege" and "create[s] a disturbing precedent for the justice system." *Brown v. Nutt*, No. 07-cv-727, 2008 U.S. Dist. LEXIS 133767, at * 4 (S.D. Miss. Apr. 23, 2008). Plaintiffs' latest amended complaint also continues to defy the Court's repeated admonitions to Plaintiffs' counsel to comply with Rules 11 and 12 and file complaints that include specific allegations "about who allegedly did what." Mem. Op. & Order 7; *see, e.g.*, Hearing Tr. 35:23-36:3 *id.* at 37:5-10. Rather than indulge in yet another round of briefing from all served defendants, some of whom want Mr. Reeder as their counsel, the Court should stay the responsive pleading deadlines and set a hearing at which Plaintiffs may show cause why their claims against Mr. Reeder should not be dismissed.

As it stands, the Third Amended Complaint is bereft of specific allegations concerning Mr. Reeder. Mr. Reeder is a litigator; he does not set up companies—sham or otherwise—for his clients or himself. ECF 85 ¶ 54. He certainly does not practice in the byzantine area of tax law.

3

*Id.* ¶ 55. To the contrary, he has built a career as a distinguished military officer, respected member of the bar, and the former Under Secretary of the Army. His long government service— culminating in his presidential appointment and Senate confirmation—is alone enough to expose the inherent implausibility of Plaintiffs' unfounded allegations that he is playing a central role in laundering money to finance a murderous international criminal enterprise. But even if Mr. Reeder were simply another member of the bar, the American system of adversarial representation does not allow litigants to launch claims of serious criminal conduct against opposing counsel without a single factual detail to support them.

The Court should grant the Motion, stay all defendants' responsive pleading deadlines, and set a hearing to address Plaintiffs' litigation abuse.

Dated:   June 13, 2025                    Respectfully submitted,

                                          */s/ John Elwood*
                                          John P. Elwood (D.D.C. Bar No. 452726)
                                          ARNOLD & PORTER KAYE SCHOLER, LLP
                                          601 Massachusetts Ave, NW
                                          Washington, DC 20001-3743
                                          Telephone: (202) 942-5000
                                          John.Elwood@arnoldporter.com

                                          *Counsel for Joe R. Reeder, Esquire*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2025, the foregoing motion was served via ECF to all counsel of record.

*/s/ John Elwood*
John Elwood

*Counsel for Joe R. Reeder, Esquire*