**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MAKI REVEND, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> MASROUR BARZANI, *et al.*, <br><br> *Defendants*. | Civil Action No. 24-278 (RDM) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This case concerns Plaintiffs' claims against leading officials of the Kurdistan Regional Government and several associated persons, whom Plaintiffs allege have orchestrated an international conspiracy to engage in assassinations, terrorism, and a laundry list of related malfeasance. *See generally* Dkt. 85 (3d Am. Compl.). In a memorandum opinion and order issued on December 12, 2025, the Court dismissed with prejudice Plaintiffs' claims against Defendant Joe. R Reeder, an attorney at Greenberg Traurig, LLP, and ordered Plaintiffs' counsel to pay Reeder's attorney's fees and costs as a sanction under Federal Rule of Civil Procedure 11. *See* Dkt. 110. Pursuant to the Court's order, Reeder's counsel submitted an accounting of his expenses in this case, which exceeded $566,000. Dkt. 114 at 1. Plaintiffs' counsel submitted two briefs concerning the sanctions calculation, *see* Dkts. 117, 121, requesting that the Court impose, at most, "a nominal or substantially reduced amount," Dkt. 117 at 6. The Court then held a hearing on the sanctions figure on February 25, 2026, Min. Entry (Feb. 25, 2026), after which Plaintiffs' counsel, at the Court's invitation, submitted additional information regarding his firm's revenues for purposes of calculating an appropriate sanction, *see* Dkt. 130; Min. Order (Feb. 26, 2025). It remains for the Court to assess a final sanctions figure.

To briefly summarize the underlying conduct—which is covered in detail in the Court's December 2025 memorandum opinion, *see* Dkt. 110—Plaintiffs did not name Reeder in their original complaint, *see* Dkt. 1 (Compl.), but he was added as a defendant, *see* Dkt. 20 (Am. Compl.), after entering an appearance in this case as counsel for some of the other individual Defendants, *see* Dkt. 11.  Plaintiffs asserted claims against Reeder for "defamation of character" based on his filings in this case, Dkt. 20 at 85, 94–95 (Am. Compl. ¶¶ 181, 192–93), which the Court ultimately dismissed with prejudice pursuant to the litigation privilege, Dkt. 83 at 6 n.1, and for orchestrating a conspiracy to launder money in service of the other Defendants, *see* Dkt. 61 at 372 (2d Am. Compl. ¶ 894); Dkt. 85 at 15 (3d Am. Compl. ¶ 43).  Those allegations forced Reeder to retain his own personal counsel through repeated cycles of litigation.  *See* Dkts. 38, 40, 65, 67, 96, 98, 102.

Following the filing of the operative, third amended complaint, the Court held a hearing and asked Plaintiffs' counsel to identify what, if any, "good faith basis [counsel had] for thinking that Mr. Reeder is, in fact, a money launderer."  Dkt. 90 at 7.  When Plaintiffs' counsel indicated that she could not answer the question because she was not the lead attorney on the case, *id.* at 8, the Court issued an order to show cause directing Plaintiffs to explain why the remaining claims against Reeder ought not be dismissed, Min. Order (June 18, 2025).  The Court also warned Plaintiffs' counsel that the hearing "constitute[d] adequate notification for purposes of . . . Rule 11," Dkt. 90 at 12, and that, if Plaintiffs persisted in their claims against Reeder, the Court would either permit Reeder to file a motion for sanctions or consider imposing sanctions on the Court's own initiative, *id.*; Min. Order (June 18, 2025).

After Plaintiffs reaffirmed their intention to proceed with the claims, *see* Dkt. 94, Reeder moved to dismiss and for sanctions, *see* Dkt. 96, and the Court dismissed the claims with

2

prejudice under Federal Rules of Civil Procedure 8 and 12, Dkt. 110 at 7–12.  The Court went on

to hold that "Plaintiffs' wholly inadequate efforts to justify their continued proceeding against

Reeder in this case" had "demonstrate[d] that Plaintiffs never possessed any good-faith,

nonfrivolous basis for these claims and that the claims constitute a form of harassment directed

at opposing counsel."  *Id.* at 13.  As "raising such meritless claims against an opposing party's

counsel in apparent retaliation for his advocacy runs counter to the sound, efficient, and just

administration of the judicial process," the Court imposed sanctions under Rule 11 and ordered

"Plaintiffs' attorneys pay Reeder's attorney's fees and costs."[1]  *Id.* at 18.

The Court must now determine the amount to be awarded as sanctions in this case.  Rule

11 directs the Court to "impose an appropriate sanction on any attorney" who violates the Rule's

requirement that an attorney presenting "a pleading, written motion, or other paper" certify "to

the best of the [attorney's] knowledge, information, and belief, formed after an inquiry

reasonable under the circumstances" that the material "is not being presented for any improper

purpose, such as to harass;" that "the claims, defenses, and other legal contentions are warranted

by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing

law or for establishing new law;" and that "the factual contentions have evidentiary support or, if

specifically so identified, will likely have evidentiary support after a reasonable opportunity for

further investigation or discovery."  Fed. R. Civ. P. 11(b), (c)(1).  Any sanction imposed "must

be limited to what suffices to deter repetition of the conduct or comparable conduct by others

---

[1] Plaintiffs subsequently filed a "Motion to Alter Judgment" regarding the Court's opinion.  *See* Dkt. 115.  The Court construed the motion as a motion for reconsideration under Federal Rule of Civil Procedure 54(b), Dkt. 116 at 1, and denied the motion as Plaintiffs remained unable to point to any "reasonable factual basis" for the claims against Reeder, *id.* at 7.

similarly situated," and may include "payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.* 11(c)(4).

Here, the Court determines that a sum of $100,000 is the "appropriate sanction" for Plaintiffs' counsel's abuse of the judicial system in this matter.  The Court acknowledges that Reeder has incurred attorney's fees and costs far in excess of that figure as a result of Plaintiffs' unsupported allegations in this case.  However, many of those costs were incurred in earlier stages of the proceeding, responding to prior iterations of the complaint.  While the Court did dismiss those complaints, without prejudice, under Rules 8 and 12 given their excessive length and general incoherence, the sanctionable conduct directly at issue here relates to the third amended complaint's "continued, unsupported allegations that Reeder had engaged in money laundering." Dkt. 116 at 7 n.1.  It is those allegations that Plaintiffs continued to pursue despite explicit warning from the Court that they faced a sanctions award if they "(1) fail[ed] to provide a good faith basis for their factual allegations against Mr. Reeder, (2) fail[ed] to identify a cause of action for their claims against Mr. Reeder, or (3) fail[ed] to connect Mr. Reeder's alleged conduct to Plaintiffs' injuries." Min. Order (June 18, 2025).  Moreover, while Rule 11 permits reasonable attorney's fees as a sanction, the fundamental purpose of the Rule is deterrence, rather than compensation via fee-shifting. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  In this case, considering the totality of the circumstances including the financial resources of Plaintiffs' counsel, the Court concludes that a sanction of $100,000 will "suffice[] to deter repetition of the conduct or comparable conduct by others similarly situated," Fed. R. Civ. P. 11(c)(4), without causing excessive hardship.

Given the repeated, unsupported filings in this case by Plaintiffs' lead counsel, James R. Tate, the Court will also require that any future filings by Plaintiffs in this matter be signed by at

4

least two partners at Tate, Bywater, Fuller, Mickelsen & Tull, PLC for as long as that firm continues to represent the Plaintiffs.  The Court expects that Plaintiffs' future filings will strictly comport with the requirements of Rule 11, and with Plaintiffs' counsel's broader professional responsibilities.

For these reasons, it is hereby **ORDERED** that Plaintiffs' counsel, Tate, Bywater, Fuller, Mickelsen & Tull, PLC, shall pay a sum of $100,000 as sanctions to Defendant Joe R. Reeder, to be paid on or before April 30, 2026.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  April 1, 2026