**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

MAKI REVEND, *et al.*,

      *Plaintiffs*,

    v.

MASROUR BARZANI, *et al.*,

      *Defendants*.

Civil Action No. 24-278 (RDM)

**MEMORANDUM OPINION**

The Court previously dismissed Plaintiffs' claims in this case against Defendant Joe R. Reeder with prejudice.  Dkt. 83 at 6 n.1; *see generally* Dkt. 110.  The Court also granted Reeder's motion for sanctions under Rule 11, *see* Dkt. 110, and, following additional submissions from the parties, assessed a final sanctions figure, *see* Dkt. 142.  At the hearing held on February 25, 2026, Reeder's counsel proposed that the Court should enter partial final judgment under Federal Rule of Civil Procedure 54(b) as to both the dismissal and the sanctions award once the final sanctions figure had been calculated.  Dkt. 127 at 24–25.  Plaintiffs' counsel agreed.  *Id.* at 25–27.

Rule 54(b) authorizes the Court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties" in a case that "presents more than one claim for relief . . . or when multiple parties are involved."  Fed. R. Civ. P. 54(b).  Before doing so, however, the Court must "expressly determine[] that there is no just reason for delay."  *Id.*  In making that determination, the Court must first decide whether its order is final with respect to at least one claim or party.  *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980).  If that finality requirement is met, the Court must then assess whether there is any just reason for

further delay, "determin[ing] the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Building Indus. Ass'n v. Babbitt*, 161 F.3d 740, 744 (D.C. Cir. 1998) (quoting *Curtiss-Wright*, 446 U.S. at 8).

The Court determines that both steps are satisfied here.  First, the Court's dismissal of the claims against Reeder with prejudice is final.  No further judicial action is required to address any of those claims, even if the case may continue before this Court as to some of the other named defendants.  The same is true for the disposition of Reeder's motion for sanctions under Rule 11, *see* Dkt. 96, as the Court has both granted the motion and calculated a final sanctions figure.  Second, the Court is persuaded that there is no just reason to delay entry of final judgment and that, in particular, entering partial final judgment will not interfere with sound judicial administration.  The Court has fully resolved the claims against Reeder, and any further proceedings in this case will involve alleged conduct by other persons.  Moreover, Plaintiffs have expressed an intention to appeal the Court's award of sanctions in this case. Dkt. 127 at 25–26. The Court's decision to impose sanctions against Plaintiffs' counsel under Rule 11 is necessarily intertwined with the Court's concurrent decision to dismiss the claims against Reeder with prejudice, and entering partial final judgment now as to the dismissal will respect Plaintiff's concrete and substantial interest in avoiding further delay in appellate review of the Court's decision.  As no other Defendant in this case will be prejudiced by the entry of partial final judgment, the "equities involved" favor doing so. *See Curtiss-Wright*, 446 U.S. at 8.

For these reasons, the Court will enter partial final judgment as to Plaintiffs' claims against Defendant Reeder, and as to the Court's award of sanctions against Plaintiffs, pursuant to Federal Rule of Civil Procedure 54(b).

A separate order will issue.

<u>/s/ Randolph D. Moss</u>
RANDOLPH D. MOSS
United States District Judge

Date:  April 1, 2026