**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Kurdistan Victims Fund, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:24-cv-00278-RDM |
| | ) | Judge Randolph Moss |
| Kurdistan Regional Government, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT VALERIE CUPP'S OPPOSITION TO PLAINTIFFS' MOTION TO FILE**
**SUPPLEMENTAL OPPOSITION TO MOTION TO DISMISS**

Defendant Valerie Cupp ("Ms. Cupp"), by and through undersigned counsel, hereby submits this Opposition to Plaintiffs' Motion for Leave to File Supplemental Opposition With Exhibit to Defendant Valerie Cupp's Motion to Dismiss (ECF 154) ("Motion" or "Mot.").

**I.   INTRODUCTION**

After Ms. Cupp's motion to dismiss the claims against her in the Third Amended Complaint ("TAC") was fully briefed, Plaintiffs filed a Motion for Leave to Supplement their Opposition to Ms. Cupp's motion to dismiss. Plaintiffs do not seek to supplement their operative complaint. Their request is to supplement their Opposition brief by attaching to it various documents they purportedly obtained after they filed their Opposition.

Plaintiffs' Motion should be denied. Documents that Plaintiffs purportedly just obtained in April 2026 could not have informed the allegations in the operative complaint filed in 2025, and therefore are irrelevant to the motion to dismiss briefing. It is not proper to consider documentary evidence that is outside the four corners of the complaint on a motion to dismiss. Motions to dismiss evaluate the legal sufficiency of claims, not the strength of the purported facts in support.

1

*How much* evidence Plaintiffs may have is irrelevant. What matters is whether Plaintiffs have pled legally plausible claims. As discussed in Ms. Cupp's motion to dismiss and reply in support, Plaintiffs have failed to do so. No amount of allegedly newly-discovered (privileged)[1] emails changes that.

## II.    PROCEDURAL BACKGROUND

Plaintiffs filed their original complaint on January 30, 2024. ECF 1. Plaintiffs filed their First Amended Complaint, *inter alia*, adding Ms. Cupp as a defendant on May 13, 2024. ECF 20. The operative TAC was filed on June 4, 2025. ECF 85.

In accordance with the Court's ruling during the February 25, 2026 conference, Ms. Cupp timely filed her motion to dismiss the claims against her in the TAC on March 10, 2026. ECF 131. Plaintiffs filed their Opposition to Ms. Cupp's motion to dismiss on March 23, 2026 (ECF 137), two weeks before the deadline to respond. Ms. Cupp timely filed her reply in support of her motion to dismiss on April 21, 2026. ECF 151.

After Ms. Cupp filed her reply, Plaintiffs filed the instant "Motion for Leave to File This Supplemental Opposition With Exhibit to Defendant Valerie Cupp's Motion to Dismiss." ECF 154. The filing did not include an actual supplemental opposition brief. Rather, Exhibit A to the motion for leave is a purported "narrow sampling" of documents that Plaintiffs' counsel declares Plaintiffs obtained "[o]n or about April 12, 2026" in response to a subpoena in a "federal proceeding in the Southern District of New York." Tate Decl. (ECF 154-3) at ¶¶ 2, 3.

## III.    LEGAL STANDARD

"The Local Rules of this Court contemplate that there ordinarily will be at most three

---

[1] Because Plaintiffs' Motion for Leave should be denied for many other reasons, Ms. Cupp does not address herein the fact that the documents that Plaintiffs seek to supplement their Opposition with, and that they filed on the public record, are clearly privileged communications. In the event that the Motion for Leave is granted, Ms. Cupp intends to file a motion to strike those documents.

memoranda associated with any given motion: (i) the movant's opening memorandum; (ii) the non-movant's opposition; and (iii) the movant's reply." *United States v. Sum of $70,990,605*, 2015 WL 1021118, at *3 (D.D.C. Mar. 6, 2015) (citing LCvR 7). Additional briefs beyond those three can be considered sur-replies not authorized by the Local Rules. *Schmidt v. Shah*, 696 F. Supp. 2d 44, 59 (D.D.C. 2010). Sur-replies "are generally disfavored." *Kifali v. Hilton Hotels Ret. Plan*, 736 F. Supp. 2d 64, 69 (D.D.C. 2010).

However, whether to allow parties to supplement the record of a case lies within the discretion of the Court. *Sum of $70,990,605*, 2015 WL 1021118, at *3 (citing *Jerez v. Republic of Cuba*, 777 F. Supp. 2d 6, 10 (D.D.C. 2011)); *Marsh v. Johnson*, 263 F. Supp. 2d 49, 53 (D.D.C. 2003) ("Courts have the discretion to allow parties to supplement the record of a case."). "Leave is most typically granted when the movant raises new arguments in his reply brief that require some additional response." *Schmidt*, 696 F. Supp. 2d at 60.

Because Plaintiffs seek to supplement an opposition brief, not a pleading (*see* Fed. R. Civ. P. 7(a)), the liberal standard of Rule 15 regarding supplementing or amending pleadings does not apply. *Nyambal v. Alliedbarton Sec. Servs., LLC*, 344 F. Supp. 3d 183, 188 (D.D.C. 2018); *Marsh*, 263 F. Supp. 2d at 53-54.

## IV.    ARGUMENT

### A. Plaintiffs' Motion Should Be Denied Because the Information in the Purported Supplement Cannot be Considered by the Court in Resolving the Motion to Dismiss.

By Plaintiffs' own telling, Plaintiffs did not have these documents when they filed the TAC on **June 4, 2025**. Mot at ¶ 1 (the attached materials are "newly discovered evidence that was not available to Plaintiffs at the time they filed their original Opposition [on **March 23, 2026**]."); Tate Decl. (ECF 154-3) at ¶ 2 (Plaintiffs obtained the documents "[o]n or about **April 12, 2026**"); *id* at ¶ 4 (the documents "were discovered after the filing of the original Opposition [on **March 23,**

3

**2026**].") (emphases added).   Because these new documents did not—and could not have—informed the allegations in the operative complaint, they are irrelevant to the motion to dismiss. Motions to dismiss are evaluated on "the 'legal sufficiency' of the complaint itself, not the 'truth of what is asserted' or 'whether a plaintiff has any evidence to back up what is in the complaint.'" *Nyambal*, 344 F. Supp. 3d at 188-89 (denying motion for leave to file supplemental memorandum in support of motion for reconsideration of motion to dismiss decision because even if the new exhibits had been included in the motion, the Court would not have considered them in potentially re-evaluating its motion to dismiss decision) (quoting *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002)).

> **B. Plaintiffs' Motion Should Also be Denied Because it Does Not Respond to a New Argument Raised in Ms. Cupp's Reply Brief and Would Not Impact the Outcome of the Motion to Dismiss.**

Plaintiffs' Motion for Leave does not even claim that the documents with which they want to supplement their brief respond to a new argument raised for the first time in Ms. Cupp's reply. As such, the supplement is not a proper sur-reply.

Further, the Court should not in its discretion allow the supplement because the purported newly discovered documents are irrelevant to and would not impact the pending motion to dismiss. Plaintiffs argue that the documents are "highly relevant" to their "claims" that Ms. Cupp "knowingly and willfully falsely and fraudulently claimed majority ownership to obtain women-owned small business certifications … as part of the enterprise conspiracy which harmed Plaintiffs." Mot. at 1-2.  Whether documents are "relevant" to a claim is pertinent for a discovery motion, not a motion to dismiss.  What matters for purposes of a motion to dismiss is whether there are plausible claims to begin with.  As discussed in Ms. Cupp's motion to dismiss and reply in support, there are fatal legal deficiencies as to each of Plaintiffs' claims against Ms. Cupp that have nothing to do with the strength of evidence Plaintiffs have in support.  As explained therein,

there is no cause of action for "coordinated enterprise" or "conspiracy."  ECF 131 at 6; ECF 151 at 4-5; *see also* ECF 110 at 8.  The documents with which Plaintiffs seek to supplement their Opposition are just more unnecessary, irrelevant noise in purported support of a claim that does not exist.  This Court should join others that have denied motions for leave to supplement when the supplementary material is unnecessary or irrelevant to resolution of the underlying motion or is cumulative of information already before the Court.  *See, e.g.*, *Sum of $70,990,*605, 2015 WL 1021118, at *4 (denying motion for leave to file supplemental evidence where the "proffered supplemental evidence is unnecessary and irrelevant to the resolution of the Original Motion."); *Schmidt*, 696 F. Supp. 2d at 60 (denying motion to supplement opposition to motion to dismiss because the Court found them "to be cumulative and of little aid to the Court in evaluating Defendant's dispositive motion.").  To put before the Court "filings that have no direct relationship to the Original Motion is a waste of all the Parties' time and of judicial resources."  *Sum of $70,990,*605, 2015 WL 1021118, at *5.

**V.    CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' Motion for Leave to Supplement their Opposition to Ms. Cupp's Motion to Dismiss.

Dated:   May 4, 2026

Respectfully submitted,

**DUANE MORRIS LLP**

*/s/ Rebecca E. Bazan*
Rebecca E. Bazan
901 New York Avenue N.W., Suite 700 East
Washington, DC 20001-4795
(202) 776-5253
REBazan@duanemorris.com

Lawrence H. Pockers (*pro hac vice*)
30 South 17th Street

Philadelphia, PA 19103-4196
(215) 979-1153
LHPockers@duanemorris.com

*Counsel for Valerie Cupp*

## Certificate of Service

I hereby certify that on May 4, 2026, the foregoing Opposition to Motion for Leave to File Supplemental Opposition was served via ECF on all counsel of record.

*/s/ Rebecca E. Bazan*

*Counsel for Valerie Cupp*