**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KURDISTAN VICTIMS FUND, *ET AL.*,** | |
| PLAINTIFFS, | |
| V. | **CASE NO.: 1:24-cv-278-RDM** |
| **MASROUR BARZANI, *ET AL.*** | |
| DEFENDANTS. | |

**DEFENDANTS JONATHON MOORE AND JULIE SANFORD'S
MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

Defendants Jonathon R. Moore ("Moore") and Julie M. Sanford ("Sanford"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), respectfully move this Court to dismiss Plaintiffs' Third Amended Complaint with prejudice for failure to state a claim upon which relief can be granted and in support thereof Defendants Moore and Sanford state as follows:

**I.    INTRODUCTION**

Despite this Court affording Plaintiffs a "fourth and final bite at the apple," *see* ECF 83 at 10, the allegations set forth in the Third Amended Complaint against Defendants Moore and Sanford remain equally conclusory and untethered to concrete factual support. Plaintiffs have asserted that Defendant Moore has provided legal services to members of the Barzani family—named as defendants in this action—since 2007, and that Defendant Sanford is his assistant. *See* ECF 85 ¶¶ 28; 31. Plaintiffs' conclusory allegations that Defendants Moore and Sanford engaged in "money laundering," among other things, are not plausibly connected to Plaintiffs' alleged injuries arising from acts of violence. *Id.* The gravamen of Plaintiffs' Third Amended Complaint remains unchanged. In light of Plaintiffs' repeated failure to file a complaint that complies with the Federal Rules of Civil Procedure, as well as their continued failure to adhere to this Court's

1

directives, dismissal of the Third Amended Complaint against Defendants Moore and Sanford with prejudice is required.

## II.    BACKGROUND FACTS

On June 4, 2025, Plaintiffs Maki Revend, Shakhwan Abdulrahman, and Shakhwan Abdulrahman, as Representative of Jihan Taha Abdulrahman, Deceased (collectively the "Plaintiffs") filed their Third Amended Complaint in the instant case. This comes after this Court's dismissal of their First Amended and Second Amended Complaint. *See* Minute Order, October 7, 2024, and ECF 83. In dismissing their prior pleadings, this Court expressly cautioned that Plaintiffs' First Amended Complaint "was not only prolix and incoherent, but it failed to connect each individual defendant in the case to some act[]." ECF 83 at 3. This Court further explained that "[w]ithout such allegations, the Court was unable to determine whether Plaintiffs had stated a claim consistent with Rule 12 or satisfied their obligations under Rule 11." *Id.* Accordingly, this Court afforded Plaintiffs an additional opportunity "to file an amended more streamlined and focused complaint," while specifically cautioning Plaintiffs to "be careful as you can with respect to identifying specific acts [and] specific defendants that you are able to connect." *Id*. at 4.

Plaintiffs filed their Second Amended Complaint on January 9, 2024. *See* ECF 61. Upon review of that pleading, however, this Court found that Plaintiffs "failed to take to heart the Court's prior decision that their second amended complaint needed to include specific factual allegations tying specific defendants to specific wrongs committed against specific plaintiffs." ECF 83 at 5. As a result, this Court found that Plaintiffs' Second Amended Complaint "is nearly devoid of allegations relating to any specific Defendant's specific conduct, and to the extent the complaint contains any such allegations, they are too conclusory to satisfy Rules 8 and 12(b)(6)[.]" *Id.*

This Court subsequently afforded Plaintiffs "one final opportunity to replead their claims" through the filing of a Third Amended Complaint. *See* ECF 83 at 9. Despite this Court's prior directives, the gravamen of Plaintiffs' allegations remain largely unchanged. Plaintiffs continue to conclusory allege that a foreign government and its purported agents engaged in various unlawful and violent acts against them. *See generally* ECF 85.

Specifically, Plaintiffs allege that the "agents" of Defendants Mustafa Barzani tortured and murdered Jihan Taha Abdulrahman in Kurdistan. ECF 85 ¶ 48. Plaintiffs further allege that Plaintiff Shakhwan Abdulrahman attempted to protest his sister's alleged murder on a public sidewalk in Washington, D.C., at which time Defendant Masrour Barzani's "agents" allegedly physically attempted to steal and confiscate or destroy Abdulrahman's cell phone, thereby purportedly interfering with his First Amended Right. ECF 85 ¶¶ 50-52. Finally, Plaintiffs allege that "Plaintiff Maki Revend and his wife have on at least five distinct occasions been the target of assassination attempts and aggravated assault with a deadly weapon by Defendant Masrour Barzani's agents and representatives[.]" ECF 85 ¶ 46.

However, with respect to Defendants Moore and Sanford, Plaintiffs' Third Amended Complaint fails to remedy the deficiencies previously identified by this Court. That is, Plaintiffs again fail to "include concrete factual allegations that tie [Defendants Moore and Sanford] to specific violations of U.S. law that has caused specific, cognizable harm to those Plaintiffs." ECF 83 at 10. Instead, Plaintiffs rely on broad and conclusory allegations that Defendants Moore and Sanford "knowingly and substantially" "aided and abetted" a purported "transnational criminal conspiracy," by engaging in "money laundering" and "create[ing] shell companies" that allegedly caused harm to Plaintiffs. ECF 85 ¶¶ 4; 8; 53; 70. Nevertheless, Plaintiffs assert the following claims against Defendants Moore and Sanford: (Count I) civil conspiracy; (Count II) aiding and

abetting a transnational criminal conspiracy; (Count III) aiding and abetting torts; (Count IV) aiding and abetting tax evasion; (Count V) money laundering; and (VIII) aiding and abetting civil rights violations through money laundering.

## III.   STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(6), a Court must dismiss a Complaint when it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, 436 F. Supp. 3d 354, 357-58 (D.D.C. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While, in evaluating a Rule 12(b)(6) motion, "the court must treat the complaint's factual allegations . . . as true," a court "need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations." *Busby v. Capital One, N.A.*, 772 F. Supp. 2d 268, 274–75 (D.D.C. 2011). Further, "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *See Iqbal*, 556 U.S. at 678.

## IV.   ARGUMENT

### a.   Plaintiffs' civil conspiracy claims fail as a matter of law.

Plaintiffs seek to recover from Defendants Moore and Sanford, among others, based on allegations that they engaged in an "international transnational criminal conspiracy." ECF 85 ¶¶ 68-69. However, as this Court has previously recognized, "under District of Columbia law, civil conspiracy is not an independent tort but only a means for establishing vicarious liability for an underlying tort, and a claim for civil conspiracy thus fails unless the elements of the underlying tort are satisfied." *See* ECF 110 at 8 (citing *Nader v. Democratic Nat. Comm.*, 567 F.3d 692, 697

(D.C. Cir. 2009)). Here, Plaintiffs accuse Defendants Moore and Sanford of participating in a "civil conspiracy" without specifying any cognizable underlying tort committed by those Defendants. *See* ECF 85 ¶¶ 68-69. This omission is particularly significant because this Court previously cautioned Plaintiffs that it was unaware of "a general cause of action for conspiracy." *See* ECF 90 at 10. Yet, despite that warning, Plaintiffs again fail to allege concrete facts tying Defendants Moore and Sanford to any cognizable underlying tort.

Moreover, this Court has already rejected Plaintiffs' reliance on broad references to criminal conduct, holding that "Plaintiffs' references to various federal crimes—such as money laundering, immigration fraud, espionage, counterfeiting, and tax evasion—[do not fill] this void." ECF 110 at 8. As this Court further explained, "asserting a tort claim for fraud or murder against a particular individual requires far more than alleging that he or she was affiliated in some disconnected way with those who allegedly engaged in those wrongful acts. The word 'conspiracy' is not a magic bullet that permits a plaintiff to bring a suit against anyone who has ever worked for or supported an alleged tortfeasor." *Id.* Consistent with that reasoning, this Court previously dismissed Plaintiffs' civil conspiracy claims against Defendant Reeder based on indistinguishable allegations. *See id.*

The same result is warranted here. Defendants Moore and Sanford bear an identical relationship to the other parties in this case as Defendant Reeder. Plaintiffs' conclusory assertions that Defendants Moore and Sanford participated in an "international transnational criminal conspiracy" are unsupported by any factual allegations plausibly establishing that either Defendant committed a cognizable underlying tort against Plaintiffs. Absent such allegations, Plaintiffs' civil conspiracy claims against Defendants Moore and Sanford amount to nothing more than "guilt by association," which is insufficient to state a claim for civil conspiracy as a matter of law.

**b.**     **No private cause of action exists for Plaintiffs' Counts II through V.**

In Counts II, III, IV, and V, Plaintiffs assert claims against Defendants Moore and Sanford for: "aiding and abetting a transnational criminal conspiracy," "aiding and abetting torts," "aiding and abetting tax evasion," and "money laundering," respectively. However, none of these asserted claims provides for a private right of action. For instance, Plaintiffs rely on 18 U.S.C. § 1956 in support of their claim for "aiding and abetting a transnational criminal conspiracy." *See* ECF 85 ¶ 70. This Court has already determined, however, that "Section 1956 is a money laundering statute that provides for a number of criminal and civil penalties and specifies that violations may be investigated by components of the Department of Justice, the Department of the Treasury, the Department of Homeland Security, the United States Postal Service, and the Environmental Protection Agency. 18 U.S.C. § 1956(e)." ECF 110 at 9. This Court further concluded that 18 U.S.C. § 1956 "makes no reference to a private cause of action, and Plaintiffs identify no such feature in their complaint or briefing." *Id*.

Plaintiffs' third, fourth, and fifth claims against Defendants Moore and Sanford fare no better. As this Court has previously articulated, "[t]he third claim refers only to 'aiding and abetting torts,' without further details, such as the names and elements of those 'torts,' left entirely to the reader's imagination." *See* ECF 110 at 9 (citing ECF 85 ¶ 71). The fourth claim accuses Defendants Moore and Sanford of "aiding and abetting tax evasion," relying on 26 U.S.C. § 7201, a criminal statute that does not provide a private right of action. *See* ECF 110 at 9. Similarly, Plaintiffs' fifth claim for "money laundering," again relies on 18 U.S.C. § 1956, which as discussed above, does not create a private right of action.

This Court has already dismissed identical claims asserted against Defendant Reeder on these same grounds. *See* ECF 110 at 9. There is no legal distinction between those prior dismissed

claims and the allegations asserted against Defendants Moore and Sanford. As such, Counts II-V fail as a matter of law because they are not supported by any cognizable private right of action.

        c.        **Plaintiffs have failed to state a claim for "aiding and abetting civil rights violations."**

Finally, Plaintiffs assert a claim under 42 U.S.C. § 1983 against Defendants Moore and Sanford, alleging "aiding and abetting violations of Plaintiffs' First Amendment right to free speech and Fourth Amendment right against excessive force." ECF 85 ¶ 80. In support, Plaintiffs contend that although Defendants Moore and Sanford were "not directly involved in the physical acts, [they] knowingly provided substantial assistance by misrepresentation and laundering illicit funds totaling millions which were used to finance the operations of Hamaz Salim, Hikmet Bamerni, Hayman Quassi, and Dasko Shirwani, directly enabling the civil rights violations." *Id.*

This theory, however, is fundamentally deficient as a matter of law. As this Court has previously recognized, 42 U.S.C. § 1983 "authorizes private suits based on the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' but it does so only when the defendant acts 'under the color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia." ECF 110 at 10 (citing 42 U.S.C. § 1983). In other words, "[i]n order to raise a constitutional claim against a private entity or its employees, a plaintiff must allege that the entity or individual was a state or governmental actor." *Woytowicz v. George Wash. Univ.*, 327 F. Supp. 3d 105, 115 (D.D.C. 2018). "Being a state actor requires permanent control by the government." *Kim v. Fin. Indus. Regul. Auth.*, 698 F. Supp. 3d 147, 161 (D.D.C. 2023).

Here, Plaintiffs fail to plausibly allege that Defendants Moore and Sanford—whose alleged conduct is limited to financial transactions and purported "money laundering"—either acted under color of state law or were so controlled by the government as to qualify them as state actors for

purposes of § 1983 liability. Nor do Plaintiffs plausibly allege that Defendants Moore and Sanford acted jointly or in concert with any U.S. state, territory, or the District of Columbia. Although the Third Amended Complaint asserts that "Defendants Masrour Barzani, Hamaz Salim, Hikmet Barmerni, Hayman Quassi, and Dasko Shirwani," while "acting under color of state law, physically assaulted and silenced Plaintiff through intimidation and force, causing physical injuries and emotional distress," such conclusory allegations are insufficient to state a claim under 42 U.S.C. § 1983. In fact, this Court has determined that "those defendants—Masrour Barzani, Hamza Salim, Hikmet Barmerni, Hayman Quassi, and Dsasko Shirwani—are not linked to any U.S. state, territory, or the District of Columbia." ECF 110 at 10.

Based on the foregoing, this Court previously held that 42 U.S.C. § 1983 forecloses Plaintiffs' claim against Defendant Reeder. *See* ECF 110 at 10. The same reasoning should apply here. Both Defendant Reeder and Defendant Moore, as assisted by Defendant Sanford, merely provided legal services to certain of the other named defendants. That is, Plaintiffs' allegations fail to establish the requisite state action necessary to sustain a claim under § 1983 against Defendants Moore and Sanford.

In any event, Plaintiffs do not include any factual allegations to support their conclusion that Defendants Moore and Sanford "knowingly provided substantial assistance by misrepresentation and laundering illicit funds…which were used to finance" the alleged physical assaults against Plaintiffs. ECF 85 ¶ 80. Although Plaintiffs repeatedly refer to the terms "money laundering" and "illicit funds," they do not plead any facts explaining how Defendants Moore and Sanford's purported financial transactions were connected to, or caused, the alleged physical assaults. Even accepting Plaintiffs' allegations as true, the Third Amended Complaint does not plausibly plead any causal nexus between Defendants Moore and Sanford's purported "money

8

laundering" activities and the physical injuries allegedly suffered by Plaintiffs. Rather, Plaintiffs rely on speculative and conclusory assertions, which require this Court to make inferential leaps to connect wholly unrelated conduct. As such, Plaintiffs, again, have "failed to take to heart the Court's prior decision that their [] amended complaint needed to include specific factual allegations tying specific defendants to specific wrongs committed against specific plaintiffs." ECF 83 at 5. Accordingly, because Plaintiffs have failed to plead facts establishing the requite causal nexus, their claims under 42 U.S.C. § 1983 against Defendants Moore and Sanford fail as a matter of law.

## V.   CONCLUSION

WHEREFORE, for the reasons set forth above, Plaintiffs have failed to meet their burden of pleading. Accordingly, Defendants Jonathon Moore and Julie Sanford respectfully request that this Court grant Defendants' Motion and dismiss Plaintiffs' claims against them with prejudice.

Respectfully submitted,

ECCLESTON & WOLF, P.C.
/s/ *Justin Flint*
Justin M. Flint (#491782)
Kennedy M. Davis (#90007314)
1629 K Street, N.W., Suite 260
Washington, D.C. 20006
(202) 857-1696 (Tel)
(202) 857-0762 (Fax)
flint@ewdc.com
davis@ewdc.com
*Counsel for Defendants Jonathon R. Moore and Julie Sanford.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on June 1, 2026, a copy of the foregoing Motion to Dismiss the Third Amended Complaint was served via the Court's electronic filing system to all counsel of record.

*/s/ Justin M. Flint*
Justin M. Flint (#491782)

9