**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MAKI REVEND, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| | : | NO. 1:24-cv-00278-RDM |
| TREEFA AZIZ, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANT VALERIE CUPP'S RESPONSE TO THE COURT'S MINUTE ORDER**
**OF JUNE 30, 2026 REGARDING PLAINTIFFS' COUNSEL'S DECLARATION**

Defendant Valerie Cupp ("Ms. Cupp") submits this response pursuant to the Court's Minute Order of June 30, 2026, which provides that defendants may respond on or before July 7, 2026, to Plaintiffs' counsel's request for additional time to seek substitute counsel and then to withdraw from this case.

Ms. Cupp concurs with the responses filed by Defendant Treefa Aziz on July 2, 2026, (ECF 183) and Hamza Salim on July 7, 2026 (ECF 184). Specifically, she concurs that Plaintiffs' request should be denied, that counsel should not be permitted additional time to withdraw and that this case should be dismissed with prejudice in its entirety as a sanction for recently discovered, serious misconduct by Plaintiffs' counsel. That misconduct – involving filing (and re-filing) briefs citing non-existent, hallucinated cases; relying on anonymous "volunteers," without knowledge of their qualifications, whether they are attorneys, or even their names, to draft pleadings without oversight or careful review of work product in total disregard of Federal Rule of Civil Procedure 11 and rules governing professional responsibility; and making misrepresentations to the Court regarding

these "volunteers" – is unprecedented to counsel's knowledge, and must be met with serious, case-ending sanctions.

Ms. Cupp also is entitled to dismissal of all claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6) for all the reasons stated in her motion to dismiss and supporting reply (ECF 131, 151).  The motion has been fully briefed since April and is ripe for decision.  Plaintiffs' counsel's stated intention to seek substitute counsel and then to withdraw from this case should not be allowed to interpose any delay in granting Ms. Cupp's motion to dismiss.  Like other defendants, Ms. Cupp was dragged into this case more than two years ago based on Plaintiffs' wild, unsupported allegations that Ms. Cupp was involved in a vast "criminal enterprise" that conspired to carry out heinous acts including terrorism, extrajudicial killing, and hate crimes, among others.  The claims against Ms. Cupp lack any merit whatsoever as explained in Ms. Cupp's motion and supporting reply.  The claims against her should therefore be dismissed at the earliest opportunity and without delay.

Plaintiffs' counsel's newly-discovered serious misconduct should be sanctioned, not rewarded.  Plaintiffs should not be allowed additional time to seek substitute counsel, and should not be allowed to file yet another amended complaint or to recharacterize their claims in any way.  The case should be dismissed with prejudice in its entirety now, both on the merits and as a sanction for Plaintiffs' counsel's egregious misconduct.

Dated:  July 7, 2026

Respectfully submitted,

**DUANE MORRIS LLP**

*/s/   Rebecca E. Bazan*
Rebecca E. Bazan
901 New York Avenue N.W., Suite 700 East
Washington, DC 20001-4795

Tel.: (202) 776-5253
Fax: (202) 330-5547
REBazan@duanemorris.com


Lawrence H. Pockers (*pro hac vice*)
30 South 17th Street
Philadelphia, PA 19103-4196
Tel.: (215) 979-1153
Fax: (215) 689-3761
LHPockers@duanemorris.com

*Attorneys for Valerie Cupp*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 7, 2026, the foregoing Defendant Valerie Cupp's Response to the Court's Minute Order of June 30, 2026 Regarding Plaintiffs' Counsel's Declaration was served via ECF to all counsel of record.

*/s/ Rebecca E. Bazan*
Rebecca E. Bazan

*Counsel for Valerie Cupp*